QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Michael B. Carlinsky (admitted *pro hac vice*)
michaelcarlinsky@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

David A. Nelson (admitted *pro hac vice*)
davenelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

*Attorneys for Defendants Procore*
*Technologies, Inc. and Procore Payment*
*Services, Inc.*

(A complete list of counsel appears in the
signature block)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., ORACLE INTERNATIONAL CORPORATION, and TEXTURA CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> PROCORE TECHNOLOGIES, INC., PROCORE PAYMENT SERVICES, INC., AND MARK MARIANO, <br><br> Defendants. | Case No. 4:24-cv-07457-JST <br><br> **DEFENDANTS PROCORE TECHNOLOGIES, INC. AND PROCORE PAYMENT SERVICES, INC.'S ANSWER TO THE COMPLAINT** <br><br> The Hon. Jon S. Tigar |

Defendants Procore Technologies, Inc. and Procore Payment Services, Inc. (together, "Procore"), by and through their undersigned counsel, hereby answer the Complaint (Dkt. 1) filed October 25, 2024 by Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (collectively, "Plaintiffs" or "Oracle") as follows.

## INTRODUCTION

1. Procore is the world's leading provider of cloud-based construction management software, and is helping transform one of the oldest, largest, and least digitized industries in the world. Founded in 2002 and publicly traded on the New York Stock Exchange, Procore's award-winning, cloud-native solution seeks to deliver on the company's mission to connect everyone in construction on a global platform. Procore focuses exclusively on connecting and empowering the construction industry's key stakeholders to collaborate and access its capabilities from any location on any internet-connected device. Its platform is modernizing and digitizing construction management by enabling timely access to project information, simplifying complex workflows, and facilitating seamless communication among relevant stakeholders, all of which positions it to serve as the system of record for the construction industry.

2. Through its platform, Procore offers four categories of solutions that enable construction stakeholders to collaborate across all phases of a construction project's lifecycle: Preconstruction, Project Management, Resource Management, and Financial Management. Across these categories, Procore's platform, among other things, provides tools to meet the needs of its key stakeholders (owners, general contractors, and specialty contractors), automates workflows, provides timely visibility, and offers advanced analytics and financial capabilities. In addition, users are able to collaborate in real-time, from any location, and on any device. As a result, adoption of Procore's solutions and platform capabilities helps Procore's customers increase productivity and efficiency, reduce rework and costly delays, improve safety and compliance, and enhance financial transparency and accountability.

3. For years, Oracle has attempted to grow its construction project management business, including by acquiring Textura in 2016. But its investments and efforts have not led to the market success that Procore has achieved with its suite of products and its unified platform; as

a result, Oracle has resorted to filing this litigation, rather than compete in the marketplace. In filing suit against Procore and Mr. Mark Mariano, a rank-and-file Procore employee who is neither a software engineer nor a key business decisionmaker, Oracle asks the Court and the public to believe that Mr. Mariano—the sole conduit through which Oracle has asserted any misappropriation or misconduct by Procore—is the mastermind behind the market success of Procore's payment management solution, Procore Pay. But Oracle's narrative is plainly false.

4.     Procore Pay, which is an add-on product to Procore's Financial Management solution, was undergoing development well before Mr. Mariano joined Procore. Similarly, Procore had developed and implemented means to connect, or integrate, its products and platform with various third-party software applications, including Enterprise Resource Planning ("ERP") solutions, for many years before Mr. Mariano joined.

5.     As relevant here, Plaintiffs attempt to allege that Procore misappropriated their trade secrets to develop ERP integrations for Procore Pay. But Procore has offered ERP integrations for its financial management products since at least 2015. Procore spent years developing its own first-party integrations for the platform, and the platform itself allows for customer and third-party integrations through its open application programming interfaces ("APIs") and application marketplace. As of 2020—a year before Mr. Mariano joined in 2021—Procore's application marketplace already boasted over 180 integrations.

6.     For example, years before Mr. Mariano's arrival at Procore in late 2021, it was well known that Procore already had developed and released integrations for certain third-party ERPs, Sage 100 and Sage 300, notwithstanding the Complaint's repeated allegations that these integrations were "stolen" from Oracle by Mr. Mariano after he left Oracle in October 2021.

7.     Mr. Mariano also was not (as Oracle tries incredibly to suggest) the architect of Procore Pay. Procore was already developing Procore Pay well before Mr. Mariano's arrival to Procore. Although Oracle alleges that Mr. Mariano's November 2021 arrival to Procore was a significant event that steered the launch of Procore Pay and related ERP integrations, its Complaint

conveniently omits the fact that, in the same week, Procore closed its $500 million acquisition of Levelset, a key component in the development of Procore Pay.[1]

8.      Indeed, Plaintiffs' Complaint specifically decries Procore integrations with ERPs Viewpoint Vista, Viewpoint Spectrum, Yardi, MRI, and Quickbooks.  But as was the case with the Sage 100 and Sage 300 ERPs, Procore had already developed and offered integrations between its Financial Management products and these ERPs before Mr. Mariano arrived.

9.      And in the case of new Procore ERP integrations that Mr. Mariano worked on at Procore – CMIC, MYOB, Xero, Netsuite, Workday, and Quickbooks Online – upon information and belief, he had no prior involvement with the integration of MYOB, Xero, Netsuite, Workday or Quickbooks Online at Oracle, and in the case of CMIC, that integration was underway at Procore by the time Mr. Mariano joined Procore.

10.      To be sure, integrations (including ERP integrations) are one component of the versatility of Procore's platform.  But neither Oracle (nor Procore for that matter) owns the field of "ERP integrations."  Procore did not need, and did not use, Plaintiffs' alleged trade secret information to release Procore Pay or any related integrations.

11.      And since the launch of Procore Pay, despite Oracle's attempt to allege that Procore has "stolen" Oracle customers that its subsidiary Textura has lost over the years for reasons unrelated to this suit, over 97% of Procore Pay customers already were prior customers of Procore.

12.      Oracle's Complaint devotes significant effort to portray this case as one of misappropriation of source code.  But Mr. Mariano is not a software developer and did not personally develop Procore Pay or any of the ERP integrations for Procore Pay mentioned in the Complaint.  Far from copying Plaintiffs' source code for Textura Payment Management ("TPM") ERP integrations, each of Procore's ERP integrations was either developed (i) by a third-party partner, (ii) in-house by Procore using ubiquitous low code/no code Integration Platform as a Service solutions such as Boomi, or (iii) in-house using the Ruby programming language.  Additionally,

---

[1]   *Procore Completes Acquisition of Levelset to Simplify Lien Management Workflows for Construction*, Procore (Nov. 3, 2021), https://www.procore.com/press/procore-completes-acquisition-of-levelset-to-simplify-lien-management-workflows-for-construction.

Procore has an open API structure that allows third parties to build integrations to Procore's platform and products themselves.

13.     Contrary to what Oracle may allege in this case, TPM and its ERP integrations are not confidential trade secret information.  For example, for years before Mr. Mariano's arrival at Procore, Oracle and Textura publicly provided information regarding their integrations, including details on key features, installation instructions, and even "maps" and architectural diagrams showing how their integrations connect TPM's data to the various ERPs.  By way of just one example, information on the integration of TPM with CMIC, a third-party ERP, has long been public.

14.     Plaintiffs' attempt to bring a trade secret lawsuit over their dated, and largely public, integration information is further belied by their treatment of the information itself.  While Plaintiffs assert that information allegedly retained by Mr. Mariano from his employment at Oracle was highly confidential and extremely valuable, on information and belief, during his employment at Oracle, Oracle required Mr. Mariano to engage in self-help to transfer files from one Oracle laptop (a PC) to the next Oracle laptop (a Mac).  Oracle also encouraged Mr. Mariano speak about his work at Oracle, whether at industry or partner conferences or in Oracle's own press releases.[2]  And significantly, upon information and belief, when Mr. Mariano left Oracle for Procore, Oracle did not even attempt to contact him regarding the process for returning the devices containing the now-allegedly highly confidential and "extremely valuable" information until more than a year after his departure.

15.     The reality is that Plaintiffs bring this case not to preserve their trade secret information—their relevant technology is old, public, and not sensitive—but because their aging point-based solution for financial management and invoicing has been overshadowed by Procore's release of Procore Pay, a modern, and frictionless product experience that is part of Procore's end-

---

[2]    *Textura and CMiC Deploy Real Time Integration Tool to Bring Greater Efficiency to Textura/CMiC Clients*, PR Newswire (Feb. 16, 2016), https://www.prnewswire.com/news-releases/textura-and-cmic-deploy-real-time-integration-tool-to-bring-greater-efficiency-to-texturacmic-clients-300220854.html.

to-end unified platform.  Unable to compete through innovation, Oracle has turned to litigation as a last resort.

## GENERAL DENIAL

Procore admits, denies, or otherwise responds to the allegations as set forth below, using numbered paragraphs that correspond to the paragraphs in the Complaint.  All allegations are denied unless expressly and specifically admitted.  An admission to a portion of an allegation does not constitute an admission, either express or implied, to the remainder of the allegation.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be deemed to be denied.  Procore reserves its right to supplement or amend this Answer to the Complaint as may be necessary or appropriate.

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings, Procore responds generally that the headings and subheadings do not constitute factual averments, and thus responses to the headings and subheadings are not included herein.

## RESPONSE TO SPECIFIC ALLEGATIONS

1.      Procore denies the first, second, and third sentences of Paragraph 1.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 1, and denies them on that basis.

2.      Procore denies the allegations in Paragraph 2.

3.      Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and denies them on that basis.

4.      Procore admits that Mr. Mariano was involved with the integrations of Viewpoint Vista, Sage 300 CRE, Yardi Voyager, and CMIC for Procore Pay, although existing integrations already existed or had begun at Procore for each of these ERPs.  Procore further denies that Mr. Mariano was involved with Procore Pay's integration with JD Edwards EnterpriseOne, SAP, or Oracle E-Business Suite, because they do not exist for Procore Pay.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations about Mr. Mariano's

employment at Oracle and Textura in Paragraph 4, and denies them on that basis. The remaining allegations in Paragraph 4 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 4 to the extent they are asserted against Procore. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations against Mr. Mariano in Paragraph 4, and denies them on that basis.

5. Procore admits that it "offers a payment management solution and ERP integrations." Procore also admits that Mr. Mariano's title was Director of Integration Product Services when he began his employment with Procore. Procore also admits Mr. Mariano worked on aspects of Procore's ERP integration functionality with CMIC, Sage 300, Yardi, and Vista, although Procore's work to integrate with these ERPs preceded Mr. Mariano's arrival at Procore. Procore denies that it "was unable to release a full payment management solution (including a full suite of integrations) on its own, or rightly acquire the technology it needed." Procore admits that Procore Pay was released after November 2021. The remaining allegations in Paragraph 5 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and denies them on that basis.

6. Procore denies the first sentence of Paragraph 6. Procore admits that counsel for Oracle has discussed certain of the circumstances surrounding Mr. Mariano's departure from Oracle with Procore since July 2023. The allegations in Paragraph 6 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that it has improperly used or misappropriated any trade secrets of Plaintiffs, or that it concealed any misappropriation from Oracle. Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and denies them on that basis.

7.     Procore denies the allegations in Paragraph 7 to the extent they are asserted against Procore.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations against Mr. Mariano in Paragraph 7, and denies them on that basis.

8.     Procore admits that prior to the litigation, it did not provide Oracle access to Procore devices in accordance with the terms and parameters Oracle demanded.  Procore denies that any forensic inspection Oracle demanded was "industry standard" given the circumstances. To the extent the allegations in Paragraph 8 purport to quote, summarize, or characterize the correspondence between Procore and Oracle prior to litigation, Procore refers the Court to that correspondence for a true and complete account of its contents and denies every allegation inconsistent therewith.  The remaining allegations in Paragraph 8 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies the remaining allegations in Paragraph 8.

9.     The allegations in Paragraph 9 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies the allegations in Paragraph 9, including that it misappropriated any trade secrets of Plaintiffs, engaged in "brazen" conduct, that it lacked candor or refused to provide "critical information" to Oracle during pre-litigation discussions, that it did not attempt to compete fairly with Oracle, or that it "took a short-cut by using Oracle's trade secret innovations."

10.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and denies them on that basis.

11.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and denies them on that basis.

12.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and denies them on that basis.

13.     Procore admits that Procore Technologies, Inc. is a Delaware corporation and that Procore Technologies, Inc. is headquartered in Carpinteria, California.  Procore admits that Procore

1  Technologies, Inc. conducts business around the United States, including in the Northern District of
2  California. Procore denies the remaining allegations in Paragraph 13.

3          14.    Procore admits that Procore Payment Services, Inc. is a Delaware corporation and
4  that Procore Payment Services, Inc. is headquartered in Carpinteria, California. Procore admits that
5  Procore Payment Services, Inc. conducts business around the United States, including in the
6  Northern District of California. Procore denies the remaining allegations in Paragraph 14.

7          15.    Procore admits Mr. Mariano is an adult individual. Procore lacks knowledge and
8  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15,
9  and denies them on that basis.

10         16.    The allegations in Paragraph 16 consist of legal conclusions and/or Plaintiffs'
11  characterization of Plaintiffs' claims, to which no response is required. To the extent a response is
12  required, Procore denies the allegations in Paragraph 16, except Procore admits that Plaintiffs
13  purport to base jurisdiction over Procore in this action on the statutory provisions cited.

14         17.    The allegations in Paragraph 17 consist of legal conclusions and/or Plaintiffs'
15  characterization of Plaintiffs' claims, to which no response is required. To the extent a response is
16  required, Procore denies the allegations in Paragraph 17.

17         18.    The allegations in Paragraph 18 consist of legal conclusions and/or Plaintiffs'
18  characterization of Plaintiffs' claims, to which no response is required. To the extent a response is
19  required, Procore admits that it is headquartered in Carpinteria, California and conducts business in
20  the Northern District of California, and it admits that Mr. Mariano is a Procore employee. Procore
21  denies that it has a partnership with the Bay Area Headquarters Authority. Procore denies that it
22  has committed or is committing any act complained of in the Complaint, including the alleged
23  "misappropriation addressed in this Complaint," and therefore denies the remaining allegations
24  contained in Paragraph 18.

25         19.    Procore admits that it conducts business in the United States, including in the State
26  of California and the Northern District of California.

27         20.    To the extent the allegations in Paragraph 20 purport to quote, summarize, or
28  characterize Exhibit 1 to the Complaint, Procore refers the Court to that document for a true and

complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and denies them on that basis.

21. The allegations in Paragraph 21 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 21.

22. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and denies them on that basis.

23. The allegations in Paragraph 23 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore admits that Plaintiffs purport to base venue over Procore in this action on the statutory provision cited. Procore denies that it has committed or is committing any act complained of in the Complaint, including the alleged "misappropriation addressed in this Complaint," and therefore denies the remaining allegations contained in Paragraph 23.

24. Procore denies the last two sentences of Paragraph 24. To the extent the allegations in the remainder of Paragraph 24 purport to quote, summarize, or characterize Exhibit 1 to the Complaint, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. The remaining allegations in Paragraph 24 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the remaining allegations in Paragraph 24.

25. To the extent the allegations in Paragraph 25 purport to quote, summarize, or characterize Exhibit 1 to the Complaint, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. The allegations in Paragraph 25 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 25, except admits that Plaintiffs purport to base venue over Procore in this action on the statutory provision cited.

26. The allegations in Paragraph 26 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 26.

27. To the extent the allegations in Paragraph 27 purport to quote, summarize, or characterize Exhibit 1 to the Complaint, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. The allegations in Paragraph 27 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 27.

28. Procore admits that Oracle provides certain solutions related to construction management technologies. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and denies them on that basis.

29. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and denies them on that basis.

30. To the extent the allegations in Paragraph 30 purport to quote, summarize, or characterize Exhibits 2 or 3 to the Complaint, Procore refers the Court to those documents for a true and complete account of their contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and denies them on that basis.

31. To the extent the allegations in Paragraph 31 purport to quote, summarize, or characterize Exhibit 4 to the Complaint, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and denies them on that basis.

32. To the extent the allegations in Paragraph 32 purport to quote, summarize, or characterize any Oracle document, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore admits that TPM offers certain compliance, lien waiver management, and payments features, but denies that TPM is

cutting-edge or industry-leading. Procore otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and denies them on that basis.

33. Procore admits that Oracle's TPM offers certain functionality related to compliance and lien waiver management, electronic payments, and reporting and analytics. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and denies them on that basis.

34. To the extent the allegations in Paragraph 34 purport to quote, summarize, or characterize any Oracle document, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and denies them on that basis.

35. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and denies them on that basis.

36. To the extent the allegations in Paragraph 36 purport to quote, summarize, or characterize Exhibit 1, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and denies them on that basis.

37. The allegations in Paragraph 37 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 38.

39. Certain allegations in Paragraph 39, such as that Oracle takes "extensive" "measures" "to protect the secrecy of its confidential and proprietary trade secret information," or that it "has acted reasonably and diligently to protect the secrecy of its trade secret information," consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.

To the extent a response is required, Procore denies those allegations in Paragraph 39. Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and denies them on that basis.

40.     To the extent the allegations in Paragraph 40 purport to quote, summarize, or characterize Oracle's Employee Handbook, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and denies them on that basis.

41.     To the extent the allegations in Paragraph 41 purport to quote, summarize, or characterize Oracle's Code of Ethics and Business Conduct, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and denies them on that basis.

42.     To the extent the allegations in Paragraph 42 purport to quote, summarize, or characterize Oracle's Information Protection Policy, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and denies them on that basis.

43.     To the extent the allegations in Paragraph 43 purport to quote, summarize, or characterize Exhibit 1, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and denies them on that basis.

44.     To the extent the allegations in Paragraph 44 purport to quote, summarize, or characterize Exhibit 1, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and denies them on that basis.

45.     To the extent the allegations in Paragraph 45 purport to quote, summarize, or characterize Exhibit 1, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and denies them on that basis.

46.     To the extent the allegations in Paragraph 46 purport to quote, summarize, or characterize Oracle's Voluntary Separation Packet, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and denies them on that basis.

47.     To the extent the allegations in Paragraph 47 purport to quote, summarize, or characterize any filing by Procore with the Securities and Exchange Commission, Procore refers the Court to that filing for a true and complete account of its contents and denies every allegation inconsistent therewith.  Procore admits that it offers construction management solutions.  Except as expressly admitted herein, Procore denies the allegations in Paragraph 47.

48.     Procore denies the allegations in the first sentence of Paragraph 48.  Procore admits that it hired Mr. Mariano as its Director of Integration Product Services in 2021 and his current title is Director of Product Management, ERP.  Procore denies that it "hired Mariano . . . [to] use[] Oracle's proprietary and confidential trade secrets for the benefit of Procore."  Procore further admits it released Procore Pay and Procore Pay's specific ERP integration functionality after November 2021.  Procore denies that it did not internally develop Procore Pay and certain of its ERP integrations "on its own," although it did partner and contract with third-parties in connection with these releases.  Procore denies that it "targeted Oracle from the inside, through its personnel— namely, by recruiting Mariano."  Procore lacks knowledge and information sufficient to know the specific "certain technologies (including integration-related technologies)," "customers," and "technologies" which are being referred to in the third and fourth sentences of Paragraph 48, and on that basis denies the remaining allegations in those sentences.  The remaining allegations in Paragraph 48 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to

which no response is required.  To the extent a response is required, Procore denies the remaining allegations in Paragraph 48.

49.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and denies them on that basis.

50.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and denies them on that basis.

51.     The allegations in Paragraph 51 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies that Mariano "accessed and used Oracle's trade secret information in connection with and furtherance of his employment at Procore" or that Procore has improperly used or misappropriated any of Plaintiffs' alleged trade secrets.  Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and denies them on that basis.

52.     The allegations in Paragraph 52 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  Procore denies that it discovered in or prior to summer 2023 that "Oracle materials on Mariano's personal iCloud account were . . . on Mariano's Procore-issued laptop."  Procore denies that it misappropriated any "highly sensitive confidential and proprietary trade secret files" of Oracle.  To the extent a response is otherwise required, Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and denies them on that basis.

53.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and denies them on that basis.

54.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and denies them on that basis.

55.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and denies them on that basis.

56.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and denies them on that basis.

57.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and denies them on that basis.

58.     Procore cannot ascertain the meaning of the "release of a number of technology offerings" referred to in the last sentence of Paragraph 58, and otherwise denies that it has released any technology offerings built upon any Oracle trade secrets. Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations about the contents of Oracle's alleged trade secret files and documents and Oracle's forensic inspection in Paragraph 58, and denies them on that basis. The remaining allegations in Paragraph 58 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the remaining allegations in Paragraph 58.

59.     Procore denies that it has engaged in "malfeasance" or that the purported quote from a Procore April 4, 2022 press release is evidence of such malfeasance. To the extent the allegations in Paragraph 59 purport to quote, summarize, or characterize any Procore document, Procore refers the Court to that document for a true and complete account of its contents and denies every allegation inconsistent therewith. Procore denies the remaining allegations in Paragraph 59.

60.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and denies them on that basis.

61.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and denies them on that basis.

62.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and denies them on that basis.

63.     Procore admits that Procore and Plaintiffs have entered into a Forensic Inspection Protocol Agreement, which will govern the scope of discovery of Mr. Mariano's Procore-issued laptop. Procore denies that it used any of Plaintiffs' proprietary alleged trade secret files in connection with the release of Procore Pay or any specific ERP integration functionality. Procore denies that prior to the litigation, "Oracle offered to enter into an industry-standard forensic inspection protocol." Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and denies them on that basis.

64. The allegations in Paragraph 64 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Procore used any Oracle trade secret files. Procore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and denies them on that basis.

65. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and denies them on that basis.

66. The allegations in Paragraph 66 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. Procore specifically denies that its "use and benefit of the Oracle trade secrets is further evidenced by Procore's actions in the marketplace," or that it used Plaintiffs' trade secrets to develop Procore Pay or any specific ERP integration functionality. To the extent a response is required as to the remainder of the allegations in Paragraph 66, Procore denies them, except that it admits that it announced the launch of Procore Pay in 2022 and released ERP integrations with CMIC and NetSuite in 2022.

67. To the extent the allegations in Paragraph 67 purport to quote, summarize, or characterize any post on LinkedIn by Mr. Mariano, Procore refers to the post for a true and complete account of its contents and denies every allegation inconsistent therewith. The allegations in Paragraph 67 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 67.

68. To the extent the allegations in Paragraph 68 purport to quote, summarize, or characterize any post on LinkedIn by Mr. Mariano, Procore refers to the post for a true and complete account of its contents and denies every allegation inconsistent therewith. The allegations in Paragraph 68 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 68.

69. Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and denies them on that basis, except admits that it began

developing certain competing solutions before November 2021, and released certain competing solutions after November 2021.

70.     Procore denies that it acquired, used, or disclosed any of Plaintiffs' proprietary alleged trade secrets.  The allegations in Paragraph 70 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies the allegations in Paragraph 70, except that it admits that it knew Mr. Mariano had been previously employed by Oracle.

71.     To the extent the allegations in Paragraph 71 purport to quote, summarize, or characterize correspondence between counsel for Procore and counsel for Plaintiffs, Procore refers the Court to that correspondence for a true and complete account of its contents and denies every allegation inconsistent therewith.  Procore denies that it used any of Plaintiffs' proprietary alleged trade secret files in connection with the release of Procore Pay or any specific ERP integration functionality, that Oracle's pre-suit conduct attempted to avoid litigation, or that Procore engaged in "a long period of evasiveness" with Oracle.  The remaining allegations in Paragraph 71 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies the allegations in Paragraph 71.

72.     Procore denies that it refused to provide information "reasonably requested" by Oracle.  Procore admits that it did not provide Oracle access to Procore devices in accordance with the unilateral terms and parameters Oracle demanded prior to litigation.  Procore further admits that Procore and Plaintiffs have entered into a Forensic Inspection Protocol Agreement, which will govern the scope of discovery of Mr. Mariano's Procore-issued laptop.  The allegations in Paragraph 72 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Procore denies the remaining allegations in Paragraph 72.

## COUNT I

### Trade Secret Misappropriation Under

### The Defend Trade Secrets Act, 18 U.S.C. §§ 1836(b), 1839 et seq.

### (Against All Defendants)

73.     Procore incorporates by reference its responses to paragraphs 1 through 72 of the Complaint with the same legal force and effect as if fully set forth at length herein.

74.     The allegations in Paragraph 74 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 76.

77.     Procore lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and denies them on that basis.

78.     The allegations in Paragraph 78 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 83.

84.     Procore denies the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 88.

89. The allegations in Paragraph 89 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 91.

92. The allegations in Paragraph 92 consist of legal conclusions, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 92.

## COUNT II

### Breach of Contract

### (Against Mr. Mariano)

93. The allegations in Paragraph 93 pertain to a claim not asserted against Procore and therefore no response is required.

94. The allegations in Paragraph 94 pertain to a claim not asserted against Procore and therefore no response is required.

95. The allegations in Paragraph 95 pertain to a claim not asserted against Procore and therefore no response is required.

96. The allegations in Paragraph 96 pertain to a claim not asserted against Procore and therefore no response is required.

97. The allegations in Paragraph 97 pertain to a claim not asserted against Procore and therefore no response is required.

98. The allegations in Paragraph 98 pertain to a claim not asserted against Procore and therefore no response is required.

99.     The allegations in Paragraph 99 pertain to a claim not asserted against Procore and therefore no response is required.

100.     The allegations in Paragraph 100 pertain to a claim not asserted against Procore and therefore no response is required.

101.     The allegations in Paragraph 101 pertain to a claim not asserted against Procore and therefore no response is required.

102.     The allegations in Paragraph 102 pertain to a claim not asserted against Procore and therefore no response is required.

103.     The allegations in Paragraph 103 pertain to a claim not asserted against Procore and therefore no response is required.

104.     The allegations in Paragraph 104 pertain to a claim not asserted against Procore and therefore no response is required.

105.     The allegations in Paragraph 105 pertain to a claim not asserted against Procore and therefore no response is required.

**JURY DEMAND**

106.     The allegations in Paragraph 106 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies the allegations in Paragraph 106.

**PRAYER FOR RELIEF**

107.     The allegations in Paragraph 107 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

108.     The allegations in Paragraph 108 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

109.     The allegations in Paragraph 109 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

110. The allegations in Paragraph 110 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

111. The allegations in Paragraph 111 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

112. The allegations in Paragraph 112 consist of legal conclusions and/or Plaintiffs' characterization of Plaintiffs' claims, to which no response is required. To the extent a response is required, Procore denies that Plaintiffs are entitled to the relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Procore asserts the following defenses to Plaintiff's claim. By raising these defenses, Procore does not assume any burden of proof that applicable law may place on Plaintiffs or other parties. Procore reserves the right to assert additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

### (Independent Development)

Plaintiffs' claim is barred, in whole or in part, because to the extent Procore possessed or possesses any information or material Plaintiffs allege constitutes confidential information and/or trade secrets, Procore obtained such information or material through independent invention, independent development, or independent and appropriate acquisition from third parties, rather than through improper means. Among other reasons, information over which Plaintiffs attempt to, but cannot, claim trade secret status is not confidential (e.g., publicly available, or generally known within the industry, or already shared by Plaintiffs with other third parties). Additionally, Procore developed the ERP integrations which Plaintiffs assert required their alleged trade secrets either independently using source code distinct and not derived from any technology described in Plaintiffs' Initial Trade Secret Disclosures, or through the use of third party technologies such as Boomi.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent Plaintiffs may have suffered any damages, they have failed to take reasonable steps to mitigate such damages. Despite alleging that Mr. Mariano retained Oracle-issued devices following his October 2021 departure from the company, Plaintiffs failed to request their return until December 2022, and appear to have taken no steps at all to remotely wipe, delete, or account for any of the purportedly confidential material thereon. And after receiving these devices, Plaintiffs failed to address any alleged retention of confidential information until nearly two years later, on October 25, 2024. Plaintiffs delayed despite alleging that Mr. Mariano posted about the launch of Procore Pay in late 2022. Plaintiffs' failure to take reasonable steps to secure and retrieve their alleged confidential information following Mr. Mariano's departure from Oracle, as well as his return of alleged Oracle-issued devices, demonstrates that Plaintiffs failed to take reasonable steps to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

Despite alleging that Mr. Mariano left with confidential information and devices in October 2021, and despite being on notice that Mr. Mariano retained the alleged confidential information and Oracle devices after that time, Plaintiffs made no effort to even raise this issue until December 2022 and then did not file this lawsuit until October 25, 2024. This delay was unreasonable and has prejudiced Procore given the significant efforts and resources Procore has expended in developing its technology during such time period.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver, Consent, Ratification, and Acquiescence)**

Plaintiffs' claim is barred, in whole or in part, by the doctrines of waiver, consent, ratification, and acquiescence. Plaintiffs, through their actions and inaction, failed to assert their rights in a timely manner despite having knowledge of, or the ability to discover, the alleged facts underlying their claim. Among other things, Plaintiffs failed to monitor their remote employees' practices for transferring information between Oracle company devices and storing documents or

retention of documents or devices upon departure from Oracle, and upon information and belief, encouraged Mr. Mariano to use personal consumer software solutions and engage in self-help for the transfer of information between Oracle company devices, delayed in investigating Mr. Mariano's alleged retention of documents and devices, and delayed in asserting their claim. Plaintiffs also failed to protect the secrecy of their alleged trade secrets, including by allowing, through routine practice, employees to store documents on personal drives and failing to oversee purging of documents upon employees' departure. Plaintiffs therefore waived, consented to, ratified, and/or acquiesced in Procore's alleged conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claim is barred, in whole or in part, to the extent any recovery by Plaintiffs would constitute unjust enrichment or a windfall to Plaintiffs. Among other things, Plaintiffs are seeking a royalty and lost revenue and profits due to Procore's launch of Procore Pay, a direct competitor to Plaintiffs' product. Procore lawfully developed Procore Pay, and Plaintiffs have no right to revenue and profits that they lost due to Procore's business and technological success, nor do they have a right to a royalty from sales of Procore Pay. Any recovery by Plaintiffs would constitute unjust enrichment or a windfall to Plaintiffs for intellectual property they do not own and did not contribute to.

Plaintiffs strategically waited, choosing not to assert their rights, only to later allege misappropriation of trade secrets following Procore Pay's commercial success. This lawsuit is a transparent attempt to prevent the growth of a direct competitor to Plaintiffs' own product. Granting Plaintiffs any remedy in this case would unjustly enrich them by allowing them to stifle the development of a legitimate competitor and profit from the development of a technology or product they did not create, and to improperly benefit from a strategy of leveraging litigation to stifle legitimate competition.

### SIXTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Procore affirmatively pleads and relies upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which maybe become apparent during the course of discovery.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs are not entitled to injunctive relief because, at minimum, they have no irreparable injury, they have an adequate remedy at law for Procore's alleged misappropriation, the balance of hardships does not tip in their favor, and the public interest would be disserved by an injunction. Procore has already developed and released Procore Pay and has taken further efforts to ensure that it does not possess any of Plaintiffs' confidential information, so there is no prospective risk that Procore would misappropriate any trade secrets.

DATED:  May 7, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Michael B. Carlinsky*

Michael B. Carlinsky (admitted *pro hac vice*)
michaelcarlinsky@quinnemanuel.com
Robert F. Longtin (admitted *pro hac vice*)
robertlongtin@quinnemanuel.com
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
Fax: (212) 849-7000

David A. Nelson (admitted *pro hac vice*)
davenelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Fax: (312) 705-7401

David Elihu (Bar No. 303043)
davidelihu@quinnemanuel.com
Erin K. Freeman (Bar No. 333462)
erinfreeman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100

Jodie Cheng (Bar No. 292330)
jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Fax: (415) 875-6600

*Attorneys for Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of May 2025, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this Document via email.

_/s/ Michael B. Carlinsky_

Michael B. Carlinsky