UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ORACLE AMERICA, INC., et al., | Case No. 24-cv-07457-JST (LB) |
| Plaintiffs, | **ORDER DENYING PROCORE'S MOTION TO QUASH** |
| v. | Re: ECF No. 122 |
| PROCORE TECHNOLOGIES, INC., et al., | |
| Defendants. | |

## INTRODUCTION

Oracle sued Procore, alleging that Oracle's former employee Mark Mariano misappropriated Oracle's trade secrets and disclosed them to his new employer, Procore, which used the information in Procore Pay, a payment-management service. Oracle claims trade-secret misappropriation by Procore and Mariano, in violation of the federal Defend Trade Secrets Act, and breach of contract by Mariano.[1] The parties have a discovery dispute. Oracle issued subpoenas to seven nonparty former Oracle customers, all construction companies, for documents about Procore's use of Oracle's information, including Procore Pay. Procore moved to quash the subpoenas, arguing that it has standing to challenge burdensome subpoenas to its customers

---

[1] Order – ECF No. 76 at 1–2; J. Case-Mgmt. Statement – ECF No. 70 at 2–3; Compl. – ECF No. 1 at 4 (¶ 5), 24–26 (¶¶ 66–69), 27–32 (¶¶ 73–105). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

seeking its proprietary information. It also contends that the discovery is unwarranted because four of the seven companies are not Procore clients, the documents can be obtained through party discovery, and the requests do not concern the trade secrets.[2] Oracle counters that the companies, not Procore, have standing to challenge the subpoenas, which are necessary because Procore has stonewalled discovery.[3]

Procore lacks standing, and its interests — such as protecting its source code — can be addressed through the existing protective order, especially because the nonparty discovery is substantially complete, and no other relief can be afforded. The motion to quash is denied.[4]

## STATEMENT

The subpoenas contain thirteen document requests:

- All Documents relating to Your acquisition, use, consideration, or evaluation of Procore Pay.

- All Documents relating to Procore's sales or attempts to sell Procore Pay to You.

- All Communications between You and Procore relating to Procore Pay.

- All Communications between You and Procore relating to Oracle and/or Textura Payment Management.

- All Communications between You and Procore relating to this Litigation.

- All Communications between You and Mark Mariano.

- Documents sufficient to show Your payments to Procore, including but not limited to payments for Procore Pay.

- Documents sufficient to identify all Your ERP System(s) that integrate with any Procore products or tools, including Procore Pay.

- Documents sufficient to show the implementation and/or operation of the integration of any Procore products or tools, including Procore Pay, with Your Enterprise Resource Planning (ERP) System(s).

- All source code and test files relating to the integration of any Procore products or tools, including Procore Pay, with Your ERP System(s).

---

[2] Mot. – ECF No. 122 at 6, 10–14.

[3] Opp'n – ECF No. 138 at 6–7.

[4] The court can resolve the motion without oral argument. Civil L.R. 7-1(b).

ORDER – No. 24-cv-07457-JST (LB)                2

- All Contracts between You and Procore, including but not limited to contracts relating to Procore Pay.
- All documents relating to Your decision to use Procore Pay instead of Textura Payment Management.
- All Documents relating to Procore Pay that contain information from Oracle and/or Textura Payment Management.[5]

No third party has moved to quash the subpoenas. Nearly half have already produced documents. The remaining responses are due on or before July 31, 2025.[6]

## ANALYSIS

Federal Rules of Civil Procedure 45(d) and 26 govern the court's enforcement of nonparty subpoenas. Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b). The scope of discovery is the same under Rule 45. Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment; *GreenCycle Paint, Inc. v. PaintCare, Inc.*, No. 15-cv-04059-MEJ, 2018 WL 1399865, at *2 (N.D. Cal. Mar. 19, 2018). Nonparties unrelated to the litigants should not be burdened to the same extent as litigants, and requests to them must be narrowly tailored to meet specific needs for information. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (collecting cases).

The issues are whether Procore has standing and whether the subpoenas seek discoverable information. Procore lacks standing, and the subpoenas seek relevant, discoverable information.

---

[5] *See, e.g.,* Subpoenas – ECF No. 122-4.

[6] Opp'n – ECF No. 138 at 9; Customer Production, ECF No. 138-3. Procore did not challenge this assertion in its reply.

1

**1. Standing**

The general rule is that a party lacks standing to move to quash a third-party subpoena except

for claims of privilege or personal rights. *Crispin v. Christian Audigier, Inc.*, No. CV 09–09509

MMM (JEMx), 2010 WL 2293238, at *5 (C.D. Cal. May 26, 2010) (citing 9A Charles Alan Wright

& Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed. 2013), and collecting cases);

Karen L. Stevenson et al., California Practice Guide: Federal Civil Procedure Before Trial ¶

11:2286 (The Rutter Group 2025) (collecting cases).

Procore argues that the discovery impermissibly burdens its customers, puts a strain on its

business relationships, and seeks its proprietary information.[7] These grounds are insufficient.

First, the nonparties have not moved to quash the subpoenas for undue burden under Rule

45(d)(3) or sought a protective order under Rule 26(c). Procore lacks standing to assert their

potential burden. *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR (JSC), 2015

WL 7180662, at *4 (N.D. Cal. Nov. 16, 2015) (defendant resisted disclosure of its customers'

identities, claiming that Rule 45 subpoenas would cause the customers undue burden; the court

held that only the customers had standing to resist third-party subpoenas). If the customers assert

burden, the court can assess whether the requests are narrowly tailored. *Updateme*, 2018 WL

5734670, at *3 (collecting cases).

Procore also argues that party discovery, seeking the same information, should precede third-

party discovery.[8] Party discovery typically proceeds first to avoid burdening nonparties when the

parties possess the documents. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal.

2007). But Procore's discovery responses have been inadequate, despite court orders, while non-

party discovery is nearly complete.[9] Oracle asked Procore to identify documents it intended to

produce to assess whether to withdraw any requests, but Procore refused.[10] On this record, as in

*Hatamian*, the court will not require party discovery to precede nonparty discovery, especially

---

[7] Mot. – ECF No. 122 at 10–11.

[8] *Id.* at 12.

[9] Order – ECF No. 103; Disc. Letter Br. – ECF No. 127.

[10] Petersen Decl. – ECF No. 138-1 at 2 (¶ 3).

absent third-party objections. *Hatamian*, 2015 WL 7180662, at *4; *FemtoMetrix Inc. v. Huang*, No. 23-MC-80332-TSH, 2024 WL 396186, at 5–6 (N.D. Cal. Feb. 1, 2024).

Second, Procore argues, citing *Rawcar Group, LLC v. Grace Medical Group, Inc.*, that the subpoenas strain its business relationships with customers.[11] No. 13cv1105-H (BLM), 2014 WL 12199977, at *5 (S.D. Cal. June 26, 2014). In *Rawcar*, the plaintiff and third parties challenged eighty-two broad requests as harassing because they had short compliance deadlines and sought information already produced by the plaintiff. *Id.* at *3 & n.4. The court denied the discovery. *Id.* at *4. Here, the third parties have not objected, and Procore has not produced duplicative information. *Rawcar* does not confer standing based solely on customer subpoenas and required third-party objections and duplicative discovery. *Id.* at *5; *accord FemtoMetrix*, 2024 WL 396186, at *3, 5–6 (subpoenas issued to nonparty business partners); *see Hatamian*, 2015 WL 7180662, at *4 (customers).

Third, a party may have standing if subpoenas implicate personal rights or privileges. In *Kovalenko v. Kirkland & Ellis LLP*, an associate had standing to challenge subpoenas to prior employers for employment records due to a personal right in the information. No. 22-CV-05990-HSG (TSH), 2024 WL 664691, at *3 (N.D. Cal. Feb. 16, 2024); *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17CV04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) (collecting cases where parties claimed a personal right or privilege). Procore's interest in avoiding disruption to business relationships does not rise to this level. *FemtoMetrix*, 2024 WL 396186, at 5–6; *Hatamian*, No. 2015 WL 7180662, at *4.

Procore further contends that the subpoenas seek confidential information, including communications, payments, contracts, and source code.[12] Oracle responds that the subpoenas primarily seek information belonging to the customers, such as the acquisition, consideration, or evaluation of Procore Pay, with only a subset implicating Procore's information, which can be

---

[11] Mot. – ECF No. 122 at 11.

[12] *Id.* (citing requests 2 through 6 (communications), 7 (payments), 11 (contracts), and 10 (source code and test files)).

1  protected under the existing protective order.[13] Procore has not specified what material would

2  jeopardize its interests or why the protective order is inadequate. *Glass Egg*, 2019 WL 2499710, at

3  *5; *Hatamian*, 2015 WL 7180662, at *4 (did not restrict third-party subpoenas until after party

4  discovery was complete).

5

6  **2.  Discoverable Information**

7      The nonparty discovery is nearly complete, rendering most relief moot. The information is

8  relevant. Requests 1 through 4, 12, and 13 target documents and communications related to

9  Procore Pay, the service allegedly benefiting from Oracle's trade secrets. Request 5 concerns this

10  litigation. Request 6 seeks communications with Mark Mariano. Request 7 addresses payments to

11  Procure, including for Procore Pay. Requests 8 through 10 cover integration of Procore products

12  with ERP systems, and Request 11 seeks contracts with Procore. All are relevant to Oracle's claim

13  of trade-secret misappropriation. Absent objections for burden or overbreadth, the court permits

14  this discovery, which is "accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*,

15  No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up and quoting

16  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The parties must confer to ensure appropriate

17  protection under the existing protective order.

18

19  **CONCLUSION**

20      The court denies Procore's motion to quash. This resolves ECF No. 122.

21  **IT IS SO ORDERED.**

22  Dated: July 28, 2025

23  _____

24  LAUREL BEELER
  United States Magistrate Judge

25

26

27

28  [13] Opp'n – ECF No. 138 at 11–12 (citing requests 1, 8 through 9, and 12 through 13).

United States District Court
Northern District of California