UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>  Plaintiffs,<br><br>   v.<br><br>PROCORE TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 24-cv-07457-JST (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 127 |

**INTRODUCTION**

The parties dispute whether Procore complied with the court's May 29, 2025, discovery order and whether Procore must produce defendant Mariano's devices, drives, and images to a forensic examiner.[1] The court can resolve the dispute without oral argument. Civil L.R. 7-1(b). Procore must produce at least the categories of documents that it has identified and withheld. It may identify any burden or lack of proportionality, but absent such objection, it must produce the identified documents. It must produce a list of the devices and drives it has imaged, and the third-party forensic examiner may review them under the parties' forensic protocol. Mr. Mariano has one week to object to this process.

---

[1] Disc. Letter Br. – ECF No. 127; Order – ECF No. 103. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-07457-JST (LB)

**LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b). Pretrial discovery is "accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery bears the initial burden of establishing that the information sought is relevant and proportional to the needs of the case. *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022).

**ANALYSIS**

**1. Compliance with May 29 Order**

In an earlier order regarding the sufficiency of Procore's production, the court understood Procore to represent that its discovery responses identified all Oracle documents of which it was aware. The court ordered Procore to supplement its responses if this understanding was incorrect. The parties disputed whether Oracle's request for "Oracle documents" was vague, and the court directed them to confer on a precise definition, given their shared interest in avoiding the production of mundane records unrelated to misappropriation or protectable intellectual property.[2]

Oracle now asserts that Procore has stated only that it has disclosed all "relevant and responsive Oracle files" without providing insight — beyond its use of Oracle's Netsuite product — into documents withheld based on relevance.[3] Procore responds that it has made good-faith efforts to define the scope, Oracle's demand for "Oracle files" is overbroad, and it will produce all

---

[2] Order – ECF No. 103 at 1.
[3] Disc. Letter Br. – ECF No. 127 at 2.

Oracle-branded documents on Mr. Mariano's Procore devices matching those Oracle identified (presumably from Oracle's forensic investigation of Mr. Mariano's Oracle devices). Procore has produced its Oracle-related contracts and commits to producing "relevant and responsive Oracle Branded Documents, Oracle Originated Documents, and Oracle Trade Secrets," while excluding only materials "clearly unrelated" to the misappropriation claim, such as licensed NetSuite files, public documents, and routine business communications identifying Oracle as a competitor.[4]

This litigation concerns what Mr. Mariano took with him and whether Procore accessed it. Oracle seemingly conducted an analysis of Mr. Mariano's Oracle devices and shared it with Procore, which can examine its systems to determine what happened with that information, if anything. Procore's discovery plan appears to address responsive information across all devices and storage in its control and must be implemented.

A related issue is how misappropriated information was used. Procore states that it will withhold only information "clearly unrelated" to the misappropriation claims, produce documents on a rolling basis, and produce custodial documents hitting on agreed search terms without reviewing for responsiveness. Oracle seeks transparency about withheld categories.[5] The parties provide limited details about Procore's search processes and no case law on their sufficiency.

This dispute is challenging to assess. Procore has not specified why it withheld Oracle documents beyond claiming that they are non-responsive, nor has it detailed the withheld categories. If documents are public or non-protectable, they should be produced. Procore also has not raised burden or proportionality concerns. That said, supplementation is customary as discovery progresses, and productions from the Mariano devices and the custodial witnesses, along with a potential custodial deposition, may clarify the sufficiency of the productions.[6]

For now, Procore must produce at least the categories of documents that it has identified and withheld. It may raise proportionality or burden objections, but absent such objections, it must

---

[4] *Id.* at 2–3 (quotations cleaned up).
[5] *Id.* at 3.
[6] Order – ECF No. 103 at 2.

produce the identified documents. The dispute appears premature and may benefit from deferral for a few months to assess actual productions. A custodial deposition may be warranted, but without further details on the forensic protocol and the discovery progress, timing remains unclear. The parties may raise disputes regarding timing.[7]

## 2. Devices and Images

Oracle contends that Procore refused to provide Mr. Mariano's iCloud drive, iPhone 14 Plus, Apple Mac Mini, and Google drive. Oracle confirmed, and Procore does not dispute, that Mr. Mariano used these for business purposes.[8] Oracle requests a list of all devices Procore has imaged.[9] Procore argues that these are Mr. Mariano's personal property, registered to his Gmail account or owned by him, and that only Mr. Mariano, who is separately represented and has moved to stay pending the arbitration appeal, can consent to the discovery. A third-party vendor has images with Mr. Mariano's consent, but Procore claims he must now consent again.[10] Mr. Mariano has not objected to the discovery request.

Under Rule 34, a party has custody or control of documents if it has actual possession or the legal right to obtain them on demand, including work-related information on current employees' personal devices. *Goolsby v. County of San Diego*, 3:17-cv-564-WQH-NLS, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019) (text messages); *Weston v. Docusign, Inc.*, No. 2-cv-00824-WHO, 2024 WL 3446924, at *2 (N.D. Cal. July 15, 2024) (same); *Proofpoint v. Vade Secure, Inc.*, No. 19-cv-04238-MMC (RMI), 2021 WL 11108111, at *5 (N.D. Cal. June 1, 2021) (employer could not refuse to produce data in its control merely because an employee resists). Privacy concerns are addressed through targeted search terms and third-party vendors, as here.

The devices and drives contain relevant information. Privacy issues are mitigated by the forensic protocol. The information is relevant, responsive, and not unduly burdensome.

---

[7] *Id.* (flagging this issue).

[8] Disc. Letter Br. – ECF No. 127 at 4.

[9] *Id.* at 5.

[10] *Id.*; Mot. – ECF No. 96.

Procore argues that it can withhold information if Mr. Mariano could, but cites no authority contradicting Oracle's claim that Procore's employment handbook grants it access to company-related data on employees' personal devices.[11] In *Matthew Enterprise Inc. v. Chrysler Group LLC*, the handbook did not give access to personal email accounts. No. 13-cv-04236-BLF, 2015 WL 8482256, at *4 (N.D. Cal. Dec. 10, 2015). In *Driscoll's, Inc. v. California Berry Cultivars, LLC*, and *In re Citric Acid Litigation*, the parties lacked possession of third-party material. *Driscoll's*, No. 2:19–cv–00493–TLN–CKD, 2022 WL 3348019, at *4 (E.D. Cal. Aug. 12, 2022) (third parties); *In re Citric Acid*, 191 F.3d 1090, 1106–08 (9th Cir. 1999) (autonomous companies). In *Bluestone Genomics v. Song*, a professor could not produce university documents merely because he had access. No. 21-cv-4507-JST, 2024 WL 3279511, at *1 (N.D. Cal. June 5, 2024).

Procore also argues that it cannot review devices for non-Procore information, but the handbook's scope includes "company-related data," here, related to the claims of misappropriation, that Procore can demand because the handbook allows it to review and release data in litigation.[12] Mr. Mariano has not objected to the third-party vendor's examination under the forensic protocol, which addresses privacy concerns. He has seven days to object via letter brief, and the parties may confer on any objections.

## CONCLUSION

This resolves ECF No. 127.

**IT IS SO ORDERED.**

Dated: July 28, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[11] Disc. Letter Br. – ECF No. 127 at 4–5; Disc. Letter Br. – ECF No. 126-3 at 4–5.

[12] Disc. Letter Br. – ECF No. 127 at 6.