UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PROCORE TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 24-cv-07457-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PENDING APPEAL**<br><br>Re: ECF No. 96 |

Before the Court is Defendant Mark Mariano's motion to stay district court proceedings pending appeal. ECF No. 96. For the reasons explained herein, the Court will grant the motion in part and deny it in part.

## I.     BACKGROUND

Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (together, "Oracle") assert claims against Defendants Procore Technologies, Inc. and Procore Payment Services, Inc. (together, "Procore") and Mariano, alleging that Mariano took Oracle trade secrets with him when he stopped working for Oracle and started working for competitor Procore. ECF No. 1 ¶ 49–52. Oracle alleges Mariano used these improperly retained Oracle trade secrets in the development of a competing product, which Oracle only discovered after Procore's launch of that product. *Id.* ¶ 51.

Oracle filed this lawsuit on October 25, 2024, asserting claims for trade secret misappropriation, breach of contract, and unjust enrichment. Mariano moved to compel arbitration and stay proceedings, or in the alternative, to dismiss the complaint. ECF No. 38. Procore also moved to stay or in the alternative dismiss the case. ECF No. 40. The Court denied both motions. ECF No. 76.

1    Mariano now moves to stay all district court proceedings during the pendency of his appeal
2    of the Court's order denying his motion to compel arbitration. ECF No. 96. Oracle opposes the
3    motion. ECF No. 109-3. Mariano has filed a reply. ECF No. 114.

**II.    DISCUSSION**

**A.    Stay of Oracle's Claims Against Mariano**

Mariano first seeks a stay of district court proceedings in Oracle's claims against Mariano during the pendency of his interlocutory appeal of the Court's order denying his motion to compel arbitration. "[A] district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Coinbase v. Bielski*, 599 U.S. 736, 740 (2023). Oracle "do[es] not oppose [Mariano's] request for a stay of Oracle's claims against him." ECF No. 109-3 at 5. Accordingly, the Court will stay the action as to Mariano.

**B.    Stay of Oracle's Claims Against Procore Defendants**

Mariano next seeks a discretionary stay of Oracle's claims against Procore. The parties agree that the Court should apply the *Landis* standard, which requires the court to weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708. The Ninth Circuit has expressed "a preference for proceeding with the non-arbitrable claims when feasible." *United Comm'ns Hub, Inc. v. Qwest Comm'ns, Inc.*, 46 Fed. App'x 412, 415 (9th Cir. 2002).

Balancing the relevant factors, the Court concludes a stay of proceedings as to Procore is not warranted.

First, Oracle has made a compelling showing that it may suffer harm if the Court stays these proceedings pending Mariano's appeal. Oracle alleges that Procore's recently released products "were created using Oracle's trade secrets" and that Procore "continues to sell that same software today, to compete against Oracle with Oracle's own trade secret technologies, to Oracle's

1  great detriment." ECF No. 109-3 at 4. For this reason, the instant case differs from *Pandolfi v.*
2  *Aviagames, Inc.*, No. 23-cv-05971-EMC, 2024 WL 4951258 (N.D. Cal. Dec. 3, 2024), on which
3  Mariano principally relies. In *Pandolfi*, the court said the plaintiffs "failed to articulate any real
4  harm if a stay were to be imposed." *Id.* at *6. By contrast, courts decline to grant discretionary
5  stays where, as here, the opposing party has made a strong case for ongoing competitive harm.
6  *Avery v. TekSystems, Inc.*, 757 F. Supp. 3d 973, 978 (N.D. Cal. 2024) ("Because the suit includes
7  allegations of ongoing and future harms as to" class members whose claims were not subject to
8  the appeal, those "class members have a strong interest in moving their claims forward."). The
9  first factor thus weighs against a stay.

10  Second, Mariano has not shown that he will suffer "hardship or inequity," *Lockyer*, 398
11  F.3d at 1110, in the absence of a stay of claims against Procore. On this point, Mariano simply
12  quotes *Pandolfi*'s finding that the appealing defendants "would not have the opportunity to
13  participate in discovery before this Court" and, if the appeal were denied, "at least some of the
14  discovery would have to be redone." ECF No. 96 at 3 (quoting *Pandolfi*, 2024 WL 4951258, at
15  *18). While the Court recognizes that the court in *Pandolfi* found that discovery concerns
16  sufficiently supported a showing of "hardship or inequity," the facts there were different: the case
17  was "already stayed against the alleged primary wrongdoers" and the only remaining question was
18  whether to stay the case as to two defendants that were "venture capital investment firms that
19  invested in" the principal defendant corporation. *Id.* at *1, *6. Here, by contrast, Oracle alleges
20  that Procore is a primary wrongdoer, which is developing, marketing, and selling a product that
21  uses Oracle's trade secret material. Moreover, other courts have reached a contrary conclusion to
22  *Pandolfi* with respect to the hardship or inequity caused by differences in discovery timelines.
23  *See, e.g.*, *Ireland-Gordy v. Tile, Inc.*, No. 3:23-cv-04119-RFL, Dkt. 89 (N.D. Cal. Mar. 25, 2025)
24  (risks that appealing defendants may later "assert a right to reopen discovery, seek additional and
25  different written and document discovery or relitigate decided discovery disputes" or "relitigate
26  the merits of the case at the motion to dismiss stage or other later, even more substantive inflexion
27  points" were speculative, and "sequential litigation" was not certain to cause hardship or inequity);
28  *Avery*, 757 F. Supp. 3d at 978 (finding "the potential 'injury' of additional discovery and costs is

3

limited, while the potential damage which may result from a stay is substantial" and thus declining a discretionary stay of plaintiffs' claims not involved in appeal).

Third, the Court finds that the appeal is unlikely to affect the "orderly course of justice," *Lockyer*, 398 F.3d at 1110, such that a stay would be warranted. Oracle will need to "litigate the remaining non-arbitrable claims" against Procore "irrespective of whatever happens in the arbitration," so "proceeding with this lawsuit would not waste judicial resources." *Cal. Crane Sch., Inc. v. Google, LLC*, 621 F. Supp. 3d 1024, 1033 (N.D. Cal. 2022). Indeed, in circumstances where one defendant has an arbitration agreement and another does not, "the possibility that parallel proceedings could produce inconsistent results is simply inevitable. Without more, that risk does not require granting a stay." *Id.* at 1034.

## CONCLUSION

For the foregoing reasons, Mariano's motion to stay district court proceedings pending appeal is granted as to Oracle's claims against Mariano and denied as to claims against Procore.

**IT IS SO ORDERED.**

Dated: August 5, 2025



JON S. TIGAR
United States District Judge