1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

*Attorneys for Plaintiffs Oracle America, Inc.,*
*Oracle International Corporation,*
*and Textura Corporation*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC, ORACLE INTERNATIONAL CORPORATION, and TEXTURA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> PROCORE TECHNOLOGIES, INC. AND PROCORE PAYMENT SERVICES, INC., <br><br> Defendants. | C.A. No. 4:24-cv-7457-JST <br><br> **ORACLE'S STATEMENT IN RESPONSE TO DEFENDANTS PROCORE TECHNOLOGIES, INC. AND PROCORE PAYMENT SERVICES, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL ORACLE'S MATERIAL IN DEFENDANTS' MOTION TO COMPEL ORACLE'S PARTICULARIZED TRADE SECRET DISCLOSURE** |

1    Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Oracle America, Inc., Oracle

2  International Corporation, and Textura Corporation (together, "Oracle") submit this statement in

3  response to Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.'s (together,

4  "Procore") Administrative Motion to Consider Whether to Seal Oracle's Material in Procore's Motion

5  to Compel Oracle's Particularized Trade Secret Disclosure (Dkt. 175).

6    On November 25, 2025, Procore filed its Motion to Compel Oracle's Particularized Trade

7  Secret Disclosure (the "Motion to Compel") (Dkt. 174). Procore filed its Notice of Motion and

8  Memorandum (Dkt. 175-2) under seal, as well as the Expert Declaration of H.V. Jagadish, Ph.D.,

9  Oracle's Initial Trade Secret Disclosures, a May 2025 Email thread between I. Petersen and D. Elihu,

10  Oracle's Amended Trade Secret Disclosures, the August 27, 2025 Crimson Vista Forensic Report, and

11  Oracle's Corrected Second Amended Trade Secret Disclosures as Dkt. 175-3, and Exhibits 1 (Dkt.

12  175-4), 2 (Dkt. 175-5), 3 (Dkt. 175-6), 4 (Dkt. 175-7), and 5 (Dkt. 175-8), respectively. The materials

13  in the table below include information that Oracle has designated as "Highly Confidential – Attorneys'

14  Eyes Only" consistent with Section 5 of the Stipulated Protective Order for Litigation Involving

15  Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. 77), including because the

16  materials contain confidential business information concerning Oracle's proprietary and confidential

17  source code and integrations, pricing and customer information, financial information, and business

18  strategies .

19    As the materials identified in the table below were filed in connection with a non-dispositive

20  motion, this request to seal is governed by the "good cause" standard. *See Apple Inc. v. Samsung Elecs.*

21  *Co.*, 727 F. 3d 1214, 1222 (Fed. Cir. 2013) (applying Ninth Circuit law); *see also Nixon v. Warner*

22  *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to

23  serve as . . . sources of business information that might harm a litigant's competitive standing");

24  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Good cause

25  exists to seal information concerning Oracle's proprietary and confidential source code and

26  integrations, pricing and customer information, financial information, and business strategies.

27    Courts in this District regularly find "good cause" to seal records that contain "confidential

28  research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11-

ORACLE'S STATEMENT IN RESPONSE TO                    1                    Case No. 4:24-cv-7457-JST
PROCORE'S ADMINISTRATIVE MOTION

1  cv-02509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013); *see also Good Samaritan Hosp. L.P v.*

2  *MultiPlan, Inc.*, No. 22-cv-02139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good

3  cause to seal confidential and proprietary business information); *Calhoun v. Google LLC*, No. 20-cv-

4  05146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to

5  "sensitive features of Google's internal systems"). This Court has already found good cause to seal

6  Oracle's trade secret disclosures. *See* Dkt. 69. Oracle's request is narrowly tailored to seal only

7  information that would create a substantial risk of harm if publicly disclosed. For the foregoing

8  reasons, Oracle respectfully requests that the Court grant its request to file the materials identified

9  under seal as described below. Oracle is filing proposed redacted copies of the documents where partial

10  sealing is sought, reflecting the portions sought to be sealed.

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Motion to Compel Oracle's Particularized Trade Secret Disclosure<br><br>(Dkt. 175-2) | Page 14 line 20; page 15 lines 1-3, 11, 21-24; page 16 lines 6-11, 17-19, and 27; page 17 lines 1-3; and identified portions of the table on pages 17-19. | The identified portions contain highly confidential Oracle information regarding Oracle 's proprietary and confidential source code and integrations, pricing and customer information, financial information, and business strategies. Revealing this information would create a substantial risk of harm to Oracle's competitive position in the construction management solutions industry and relationship with customers, providing insight into Oracle's source code, business operations, and customer relationships. There is no less restrictive alternative to sealing this specific information. |
| Expert Declaration of H.V. Jagadish, Ph.D.<br><br>(Dkt. 175-3) | Identified portions of Section V: Oracle's Trade Secret Disclosures (pages 7-14). | The identified portions contain highly confidential Oracle information regarding Oracle 's proprietary and confidential source code and integrations, pricing and customer information, financial information, and business strategies. Revealing this information would create a substantial risk of harm to Oracle's competitive position in the construction management solutions industry and |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | relationship with customers, providing insight into Oracle's source code, business operations, and customer relationships. There is no less restrictive alternative to sealing this specific information. |
| Exhibit 1 (Plaintiffs' Initial Trade Secret Disclosures, served February 26, 2025)<br><br>(Dkt. 175-4) | Entirety. | The identified portions contain highly confidential Oracle information regarding Oracle's proprietary and confidential source code and integrations, pricing and customer information, financial information, and business strategies. Revealing this information would create a substantial risk of harm to Oracle's competitive position in the construction management solutions industry and relationship with customers, providing insight into Oracle's source code, business operations, and customer relationships. There is no less restrictive alternative to sealing this specific information. |
| Exhibit 2 (May 2025 Email thread between I. Petersen and D. Elihu)<br><br>(Dkt. 175-5) | Identified portions of page 3. | The identified portions contain highly confidential Oracle information regarding Oracle's proprietary and confidential source code and integrations. Revealing this information would create a substantial risk of harm to Oracle's competitive position in the construction management solutions industry and relationship with customers, providing insight into Oracle's source code and business operations. There is no less restrictive alternative to sealing this specific information. |
| Exhibit 3 (Plaintiffs' Amended Trade Secret Disclosures, served July 11, 2025)<br><br>(Dkt. 175-6) | Entirety. | The identified portions contain highly confidential Oracle information regarding Oracle's proprietary and confidential source code and integrations, pricing and customer information, financial information, and business strategies. Revealing this information would create a |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | substantial risk of harm to Oracle's competitive position in the construction management solutions industry and relationship with customers, providing insight into Oracle's source code, business operations, and customer relationships. There is no less restrictive alternative to sealing this specific information. |
| Exhibit 4 (Crimson Vista Forensic Report, dated August 27, 2025)<br><br>(Dkt. 175-7) | None. | Not applicable. |
| Exhibit 5 (Plaintiffs' Corrected Second Amended Trade Secret Disclosures, served November 11, 2025)<br><br>(Dkt. 175-8) | Entirety. | The identified portions contain highly confidential Oracle information regarding Oracle's proprietary and confidential source code and integrations, pricing and customer information, financial information, and business strategies. Revealing this information would create a substantial risk of harm to Oracle's competitive position in the construction management solutions industry and relationship with customers, providing insight into Oracle's source code, business operations, and customer relationships. There is no less restrictive alternative to sealing this specific information. |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Oracle's statement is accompanied by the following documents: (1) Declaration of Ingrid Petersen in support of this statement and (2) Proposed Order.

DATED:  December 2, 2025

Respectfully Submitted,

*/s/ Ingrid Petersen*

Adam R. Alper (SBN 196834)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

adam.alper@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
Ingrid Petersen (SBN 313927)
Kevin X. Wang (SBN 318024)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
ingrid.petersen@kirkland.com
kevin.wang@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

Kendra A. Delaney (SBN 339102)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
kendra.delaney@kirkland.com
Telephone: (310) 552-4200

*Attorneys for Plaintiffs Oracle America,
Inc., Oracle International Corporation,
and Textura Corporation*

ORACLE'S STATEMENT IN RESPONSE TO
PROCORE'S ADMINISTRATIVE MOTION

5

Case No. 4:24-cv-7457-JST