**VIA CM-ECF**                                                                 PUBLIC VERSION

December 24, 2025

The Honorable Laurel Beeler
San Francisco Courthouse, Courtroom B – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102


Your Honor,

     Pursuant to Section 2.2 of the Court's Standing Order, Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (together, "Oracle") and Defendants Procore Technologies, Inc. and Procore Payment Services, Inc. (together, "Procore") hereby submit this joint letter to the Court regarding Procore's responses to Oracle's Interrogatory (Rogs) Nos. 3, 4, 6, and 8.

| | |
|---|---|
| DATED: December 24, 2025 | KIRKLAND & ELLIS LLP |
| | */s/ Akshay Deoras*<br>Akshay Deoras (SBN 301962)<br>555 California Street<br>San Francisco, California 94104<br>akshay.deoras@kirkland.com<br>Telephone: (415) 439-1400<br>*Attorneys for Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation* |
| DATED: December 24, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | */s/ David Elihu*<br>David Elihu (Bar No. 303043)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>davidelihu@quinnemanuel.com<br>Telephone: (213) 443-3000<br><br>*Attorneys for Defendants Procore Technologies, Inc., Procore Payments Services, Inc.* |

I.       **PROCORE'S RESPONSES TO ORACLE'S INTERROGATORIES 4, 6, AND 8**

        **A. Oracle's Position**

These interrogatories request facts on key contentions in this case and Procore's continued refusal throughout the discovery period to reveal its positions is highly prejudicial to Oracle's ability to prepare its case. Specifically, these interrogatories seek: (1) how and when Procore received, used, or disclosed Oracle's trade secret information (Rog. 4); (2) that Procore explain any claim that Procore has as to Oracle's trade secrets not being trade secrets (Rog. 6); and that Procore explain its reasons as to why Procore has not misappropriated Oracle's trade secrets (Rog. 8).[1] Oracle originally served these interrogatories nearly a year ago, on January 13, 2025. To date, Procore has not provided any substantive responses (Ex. 1 at 13-16, 31-32), even though Procore demanded that Oracle provide its contentions on misappropriation, and in response, Oracle provided over 60 pages of its own misappropriation contentions regarding Procore's acquisition and use of the trade secrets as well as over 600 pages describing its trade secrets and explaining why they qualify as such. As such, while in some circumstances the Court may defer answers to contention interrogatories to a later stage in the case, Procore has taken the opposite position here. It would be unfair for Procore now, after having received Oracle's contentions on issues such as misappropriation (including evidence of Procore's use of Oracle's trade secrets) along with a highly-detailed trade secret identification to turn tail and avoid providing the same until after the material portion of discovery is over. But now that the shoe is on the other foot, Procore claims Oracle's demand for its contentions is premature. It is not: Procore has voluminous discovery from Oracle concerning Oracle's trade secrets and how they were allegedly used by Procore, the Court's substantial completion of document production deadline passed on November 7, 2025, and there are only two months left in discovery.

As for Procore's contention that it cannot respond because Oracle has not sufficiently identified its trade secrets the Court already rejected that argument, when Procore made it earlier in this case. *See* Dkts 68, 76. Procore has no excuse for its continued refusal to respond at this point, and Oracle should not be deprived of Procore's basic positions in this case for the entire discovery period. *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 491-92 (N.D. Cal. 2012) (Beeler, J.) (overruling objection that remaining discovery prevented contention interrogatory responses, noting "to adopt [that] statement of the law would create a perverse incentive: If a party did not want to respond to contention interrogatories, it would just conduct all its discovery at the very end of the discovery period and then claim that it cannot respond to the interrogatories because not enough discovery has been done."); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4111728, at *4 (N.D. Cal. Sept. 17, 2012) (ordering a party to respond to contention interrogatories when discovery was set to close in less than two months). Procore's responses to these key issues will "contribute meaningfully" to the case: they are imperative to identify Procore's use of the trade secrets, clarify what Procore's defenses are, narrow the scope of any disputes between the parties, and ensure that the parties can use the remaining time in fact discovery to evaluate these positions. *See Stemcell Techs. Canada*

---

[1]     Oracle's RFPs also ask for Procore to produce documents related to these interrogatories: RFP 35 asks for "[a]ll Documents, ESI, and Things related to and/or that You rely upon for affirmative defenses that You pursue" and RFP 36 asks for "[a]ll Documents, ESI, and Things related to and/or You rely upon for responses to interrogatories in this Litigation."

*Inc. v. StemExpress, LLC*, No. 21-CV-01594-VC (LB), 2022 WL 2132930 (N.D. Cal. June 14, 2022) (Beeler, J.) (citing *In Re Convergent Techns. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985)). Oracle should not be forced to complete fact discovery (including depositions) in the dark without Procore's positions on these core issues. Procore also argues Oracle must provide a further supplement to Procore's misappropriation interrogatories before Procore responds at all, but Procore's arguments attempting to justify this position take issue with the facts set forth in Oracle's responses, demonstrating that Procore understands — and apparently disagrees with aspects of — Oracle's contentions, confirming Procore is improperly withholding information concerning its defenses and that it is able to provide a substantive response now.  In any event, if Procore had an issue with Oracle's contentions, it could have conferred with Oracle about them, and moved the Court as necessary. It has not done so and should not be permitted to use this brief as an opportunity to further forestall its own disclosures on that basis. Additionally, while Procore has vaguely agreed to provide some sort of supplement in the future, it still has refused to provide a date certain for that supplement — and regardless, that time is now:  discovery closes on February 13, 2025, the parties are about to commence depositions, and Oracle should have Procore's positions before then, particularly considering Procore's demand that Oracle provide the same (which Oracle did). Oracle therefore requests that Procore promptly furnish "such information as is available to the party." Fed. R. Civ. P. 33(a).

### B. Procore's Position

This letter brief is another example of Oracle burdening the Court with an unripe and unnecessary dispute.[2]

At the outset, prior to Oracle's letter brief, Procore had already confirmed that it was working to provide substantive supplementation, making it unclear what (if any) relief Oracle is seeking by subjecting the Court to this dispute.  Oracle claims, without any basis and in stark contrast to the Parties' correspondence, that Procore argues it "will not respond[] at all" or is "withholding information" until Oracle rectifies its own contention deficiencies—the opposite is true. After Oracle identified purported deficiencies in some of Procore's interrogatory responses (in a letter just before Thanksgiving), Procore responded to confirm that it would "supplement its response to the extent feasible based on the information Oracle has provided to date."  Ex. 2 (12/5/2025 R. Longtin Letter to I. Petersen).   Procore reiterated its willingness to provide substantive supplementation at a December 8, 2025 meet and confer, after responding to Oracle's other demands regarding the non-contention Interrogatories (Nos. 1, 2, 3, 5, 7), which Procore was prioritizing to avoid an immediate dispute (although Oracle brought them before the Court anyway).

Nothing supports Oracle's hyperbolic assertion that it will "be forced to complete fact discovery (including depositions) in the dark without Procore's positions on these core issues." Indeed, no depositions have been scheduled yet, and Procore will provide fulsome and satisfactory supplements in early January 2026, a timeline consistent with Oracle's own promised supplemental responses to numerous deficient interrogatories identified by Procore.  *See* Ex. 3

---

[2]  Oracle insisted on submitting two separate letter briefs regarding Procore's Interrogatory responses, over Procore's objection, in a blatant effort to subvert the Court's page limits on raising discovery disputes.  Procore does not endorse this gamesmanship.

2

(excerpt of 12/14/2025 I. Petersen Letter to R. Longtin) (promising to supplement Oracle's response to Procore's Interrogatory No. 14 "by the first week of January"). Procore will thereafter continue to supplement its own contention responses, as Oracle's own interrogatory supplementation, deposition testimony of Oracle's corporate witnesses, and the Court's forthcoming order on Procore's Motion to Compel (Dkt. 174) will enable Procore to understand the scope of Oracle's contentions and allow Procore to refine its theories and defenses accordingly.[3]

Notably, while Procore is committed to providing substantive responses in its supplementation, it does want to alert the Court of certain restrictions arising in its ability to respond in full due to deficiencies in Oracle's own discovery responses and trade secret identification. All three of the interrogatories at issue—Nos. 4, 6, and 8—require clarification by the Court (and if so-compelled, by Oracle) of what constitutes an Oracle trade secret, but the parties are currently briefing a motion on that exact issue, which is scheduled for a hearing before the Court on January 15, 2025. Accordingly, the scope of Oracle's purported trade secrets will become much clearer in a matter of weeks. Clarity regarding the scope of Oracle's trade secrets is particularly essential because Oracle's own position on the scope of its trade secrets recently shifted dramatically from specific files "as a whole" to the unbounded and infinitely divisible sub-portions of content within those files. *See* Dkt. 174 at 3-8. The parties have also not yet undertaken expert discovery, which will shed significant light on the scope and viability of Oracle's over 400 asserted trade secrets. Indeed, the expert declarations submitted by the parties in connection with Procore's Motion to Compel demonstrate that expert discovery will be a vigorous process through which the parties' expert witnesses will refine and possibly narrow the trade secrets, and as relevant here, Procore's responsive contentions with respect to its defenses. *See* Dkts. 174-11 & 185-1.

Further, while Oracle maintains Procore should be able to respond to Oracle's own allegations of misappropriation, the reality is that Oracle has yet to adequately describe those allegations in response to Procore's own Interrogatories. While Oracle touts "60 pages" of "misappropriation contentions," the purported evidence therein is largely comprised of pages of misrepresented metadata and speculation regarding innocuous correspondence, despite Procore's production of over 3.5 million pages of document discovery, and despite having access to Procore's source code since the summer. As will be explained in the parties' forthcoming letter brief concerning **Oracle's** responses to **Procore's** interrogatories, Procore needs to understand what exactly Oracle alleges it did—*i.e.,* where the misappropriation allegedly occurred—in order to defend itself against Oracle's lawsuit, including in the short term to fulsomely respond to the interrogatories in question. Oracle's deficient response to the affirmative interrogatories necessarily prejudices Procore's ability to respond to that interrogatory in the challenged instance.

Courts in the Ninth Circuit regularly recognize the prematurity of contention interrogatories when significant discovery is still outstanding. *See Fed. Trade Comm'n v. Amazon.com, Inc.*, 2025 WL 1557189, at *7 (denying motion to compel responses to contention interrogatories because "expert discovery is necessary to meaningfully respond"); *see also Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co.*, 2023 WL 9004983, at *9 (C.D. Cal. June

---

[3] Oracle's suggestions that the Court's prior rulings on the Motion to Dismiss (Dkt. 76) and the Discovery Stay (Dkt. 50, cited in Dkt. 68) somehow resolve Procore's ability to respond to Oracle's contention Interrogatories may be readily dismissed, especially given the deficiencies discussed herein.

23, 2023) ("Contention interrogatories prematurely calling for expert opinions are generally improper."). Further, Plaintiffs' reliance on *Louisiana Pacific Corp. v. Money Market 1 Institutional Investment Dealer* is misplaced. 285 F.R.D. 481 (N.D. Cal. 2012) (Beeler, J.). In that case, this Court recognized the importance "that sufficient discovery be completed so that responses to contention interrogatories are useful," disagreed that "contention interrogatories simply become due when the discovery cutoff is one or two weeks away," and denied the request for responses within five calendar days. *Id.* at 492. Although the fact discovery cutoff was only ***four days*** away, the Court ordered supplementation within a week of an upcoming Rule 30(b)(6) deposition that would shed significant light on the dispute. Here, the fact discovery cutoff is nearly ***two months*** away, and Oracle's upcoming discovery responses, the Court's order on Procore's Motion to Compel, and Procore's supplemental responses may be further informed by expert discovery. Simply put, Oracle's motion puts the cart before the horse.

Given Procore's willingness to supplement in early January to the best of its present ability, despite the interrogatories' prematurity, and despite the intervening holidays, Oracle's request for an order compelling Procore to supplement immediately (over the holiday season) is baseless.

### C. Each Party's Final Proposed Compromise

Oracle: Oracle proposes that Procore supplement its responses before depositions begin the first week of January. Procore: Procore agrees to supplement its responses in early January 2026, no later than 7 calendar days after Oracle supplements its discovery responses, which should occur by the "first week of January" as promised in Oracle's December 14 letter. Procore will further supplement after Oracle provides sufficient discovery responses, the Court issues its order on Procore's Motion to Compel, and expert discovery proceeds.

## II.  PROCORE'S RESPONSE TO ORACLE'S INTERROGATORY NO. 3

### A. Oracle's Position

Oracle's Interrogatory No. 3 asks Procore to identify each and every customer and/or prospective customer of Oracle contacted by Procore from November 1, 2021, through the present and describe all Communications between Procore and any such customer.[4] Procore, however, provides no substantive response to this answer (Ex. 1 at 12-13), despite Oracle providing Procore with a list of all Textura customers and deals that Oracle believes it lost to Procore. Moreover, ███████████████████████████████████████████████████████████████████████████████████████████████ As Oracle addressed in its December 12, 2025 letter brief, this financial information, sales information, and lists of customers are deficient because it does not identify all customers who use Procore Pay or Procore Financials that are also Oracle customers. *See* Dkt. 188. Procore, accordingly, needs to substantively respond to this interrogatory.

---

[4]   Oracle's RFP 14 asks for "[a]ll Communications between each and every customer and/or prospective customer of Oracle contacted by Procore from November 1, 2021, through the present."

4

### B. Procore's Position

Contrary to Oracle's claim that Procore provided "no substantive response," Procore supplemented its response to Oracle's Interrogatory No. 3 on December 23, 2025. Procore provided information sufficient to identify *every* Procore Pay customer, and further listed produced Salesforce profiles for all Procore Pay customers that were not previously customers of Procore. Oracle suggests that the list "is not a complete list of Procore Pay customers," but it provides no basis for this assertion, nor has it identified any issue to Procore, which would work to rectify it immediately.

Oracle has not, and cannot, explain why this material is deficient. Indeed, Oracle raised this dispute before even reviewing Procore's supplementation. To the extent Oracle demands information regarding customers that were already Procore customers prior to their purchase of Procore Pay, it has not (and cannot) explain their relevance—as discussed in the Parties' prior letter brief with respect to RFPs 55-56, 59-66, 68-70, 73, and 77-78 (Dkt. 188). Procore's renewals with its own pre-existing customers could hardly constitute theft of Oracle customers or trade secret misappropriation. To the extent Oracle demands Procore identify every Procore Financials customer, Procore's list already includes every Procore Financial customer that uses the competing and relevant product: Procore Pay. Oracle further ignores that the Interrogatory solely requests information regarding Oracle's own customers (or unidentified "prospective customers"), and it has not even identified a product that competes with Procore Financials, must less relevant overlapping customers. To the extent Oracle demands information regarding its own "prospective customers," it has refused to identify these customers or their relevance, much less justify the burden on Procore to investigate and describe "all Communications" with them. Nevertheless, Procore is willing to work with Oracle on providing further supplementation with respect to specific, relevant customer communications.

### C. Each Party's Final Proposed Compromise

<u>Oracle</u>: Oracle proposes that Procore supplement its response by the first week of January before depositions begin. <u>Procore:</u>  Procore has already identified its Procore Pay customers and supplemented its response to identify documents sufficient to show customer engagement for the ones that were not Procore customers prior to the their purchase of Procore Pay. Procore is willing to work with Oracle to provide further supplementation regarding specific relevant customers identified by Oracle

5

**CONFERENCE OF COUNSEL**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), the Northern District's Guidelines for Professional Conduct regarding discovery, and the Court's Standing Order, the parties certify that lead counsel for the parties met and conferred via video conference on December 8, 2025, before filing this joint letter brief.

| | |
|---|---|
| DATED: December 24, 2025 | KIRKLAND & ELLIS LLP |
| | */s/ Akshay Deoras* |
| | Akshay Deoras (SBN 301962) |
| | 555 California Street |
| | San Francisco, California 94104 |
| | akshay.deoras@kirkland.com |
| | Telephone: (415) 439-1400 |
| | |
| | *Attorneys for Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation* |
| DATED: December 24, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | */s/ David Elihu* |
| | David Elihu (Bar No. 303043) 865 South Figueroa Street, 10th Floor Los Angeles, California 90017 |
| | davidelihu@quinnemanuel.com |
| | Telephone: (213) 443-3000 |
| | |
| | *Attorneys for Defendants Procore Technologies, Inc., Procore Payment Services, Inc.* |

## **SIGNATURE ATTESTATION**

 Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatory.

DATED: December 24, 2025            */s/ Akshay Deoras*
                               Akshay Deoras