Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

*Attorneys for Plaintiffs Oracle America, Inc.,
Oracle International Corporation,
and Textura Corporation*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC, ORACLE INTERNATIONAL CORPORATION, and TEXTURA CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PROCORE TECHNOLOGIES, INC. and PROCORE PAYMENT SERVICES, INC.,<br><br>Defendants. | C.A. No. 4:24-cv-7457-JST<br><br>**ORACLE'S STATEMENT IN RESPONSE TO PROCORE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL ORACLE'S MATERIAL IN THE PARTIES' JOINT LETTER BRIEF REGARDING ORACLE'S RESPONSES TO PROCORE'S INTERROGATORY NOS. 3, 4, 7, 8, 10, 11, 16, AND 18** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (together, "Oracle") submit this statement in response to Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.'s (together, "Procore") Administrative Motion to Consider Whether to Seal Oracle's Material in the parties' Joint Letter Brief regarding Oracle's Responses to Procore's Interrogatory Nos. 3, 4, 7, 8, 10, 11, 16, and 18 ("Letter Brief") (Dkt. 215).

On January 6, 2026, Procore filed under seal the Letter Brief (Dkt. 215-3) and Exhibits 1-7 (215-4 – 215-10). The materials in the table below include information that Oracle has designated as "Highly Confidential – Attorneys' Eyes Only" consistent with Section 5 of the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. 77), including because the materials contain confidential business information concerning Oracle's proprietary and confidential source code, integrations, and business strategies.

As the materials identified in the table below were filed in connection with a non-dispositive motion, the request to seal is governed by the "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026, 1036 (N.D. Cal. 2019) ("good cause" shown to seal "confidential business information related to certain customers"); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing."); *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding "good cause" to seal revenues, customers, and sales data); *True Health Chiropractic Inc. v. McKesson Corp.*, 2020 WL 8515133, at *2 (N.D. Cal. Dec. 24, 2020) ("customer information generally constitutes trade secrets").

Courts in this District regularly find "good cause" to seal records that contain "confidential research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013); *see also Good Samaritan Hosp. L.P v. MultiPlan, Inc.*, No. 22-cv-02139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good cause to seal confidential and proprietary business information); *Calhoun v. Google LLC*, No. 20-cv-

05146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to "sensitive features of Google's internal systems"). Oracle's request is narrowly tailored to seal only information that would create a substantial risk of harm if publicly disclosed. For the foregoing reasons, Oracle respectfully requests that the Court grant its request to file the materials identified under seal as described below. Oracle is filing a proposed redacted copy of the Letter Brief reflecting the portions sought to be sealed.

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Letter Brief [Dkt. 215-3] | Identified portions of pages 1-5. | The identified portions contain highly confidential Oracle information regarding Oracle's trade secret files, including related to customer information, source code, integration testing, integration plans, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 1 (Oracle Interrogatory 4 Response Excerpt) [Dkt. 215-4] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 2 (Oracle Interrogatory 11 Response Excerpt) [Dkt. 215-5] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to customer information. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 3 (Oracle Interrogatory 3 Response Excerpt) [Dkt. 215-6] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to protecting Oracle's trade secret files. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Exhibit 4 (Oracle Appendix A Excerpt) [Dkt. 215-7] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to Textura strategies and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 5 (Oracle Interrogatory 4 Response Excerpt) [Dkt. 215-8] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, and integration plans. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 6 (Oracle Interrogatory 11 Response Excerpt) [Dkt. 215-9] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to customer information, Textura strategies and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Exhibit 7 (Oracle Interrogatory 8 Response Excerpt) [Dkt. 215-10] | Entirety. | The entirety of this document contains highly confidential Oracle information regarding Oracle's trade secret files, including related to integration testing, integration plans, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |

Pursuant to Civil L.R. 79-5(c) and 7-11(a), this statement is accompanied by the following documents: (1) Declaration of Ingrid Petersen in support of this statement, (2) a proposed order; (3) proposed redactions to the Letter Brief.

Dated: January 13, 2026

Respectfully submitted,

/s/ Ingrid M. Petersen
Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)

KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
Ingrid M. Petersen (SBN 313927)
Kevin X. Wang (SBN 318024)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
ingrid.petersen@kirkland.com
kevin.wang@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

Kendra A. Delaney (SBN 339102)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
kendra.delaney@kirkland.com
Telephone: (310) 552-4200

*Attorneys for Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation*