UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROCORE TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 24-cv-07457-JST <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER** <br><br> Re: ECF No. 231 |

Before the Court is Defendant Procore's motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 231. Procore seeks relief from Magistrate Judge Laurel Beeler's January 5, 2026 order, ECF No. 206, denying Procore's motion to compel more particularized trade secret disclosures, ECF No. 174. *Id*. at 4.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (quotation marks and citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Under the "clearly erroneous" standard, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed."

*EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. C 97-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

Judge Beeler's order denying Procore's motion to compel more particularized trade secret disclosures cites the correct legal standard. ECF No. 206 at 3 (concluding that a trade secrets plaintiff "must prove that 'the claimed trade secret has sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade'" (quoting *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1087 (9th Cir. 2025)). As her order notes, "[w]hether a trade secret is identified with sufficient particularity is a question of fact." ECF No. 206 at 3 (quoting *Quintara*, 149 F.4th at 1087). Procore has identified no basis for the Court to conclude that Judge Beeler's factual finding that the trade secret disclosures at issue satisfied the "sufficient particularity" standard was clearly erroneous. The motion for relief is therefore denied.

**IT IS SO ORDERED.**

Dated: February 2, 2026

_____
JON S. TIGAR
United States District Judge

2