UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PROCORE TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 24-cv-07457-JST<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: ECF No. 285, 286 |

Before the Court are a motion to seal and a motion to consider whether another party's material should be sealed, both filed by Defendant Procore.  ECF Nos. 286, 285.  Plaintiff Oracle has filed a statement in support of sealing.  ECF No. 290.  The motions together seek to seal about a thousand pages of documents in their entirety.  Concluding that the sealing requests are overbroad, the Court denies both motions and grants leave to file amended motions within seven days of this order.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that

allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id*. at 1097.

The two sealing motions do not satisfy this standard. Consider Exhibit 1, the expert report of Andrew Crain. Procore explains that the document "contains highly confidential internal Procore communications" and "confidential information regarding Procore's business plans, product development, strategies, and computer systems." ECF No. 286 at 4. Oracle explains that it contains "highly confidential information regarding Oracle's trade secret files, pricing plans, and business strategies." ECF No. 290 at 3. Both parties aver that no less restrictive option is available than sealing the document in its entirety. ECF No. 286 at 4; ECF No. 290 at 3. But the expert report is a 71-page document that contains a multitude of information that does not relate to business plans or strategies, trade secret files, or confidential communications, including, at a minimum, the expert's qualifications, his methodology, much of the account of the actions taken by Mr. Mariano after departing Oracle, many of Mariano's text messages, and most of the discussion of his laptop metadata and usage history. In fact, a relatively small percentage of the document appears related to the interests that the parties purportedly seek to protect. Redaction is therefore more appropriate than sealing the document in full.

Exhibit 8, sought to be sealed only by Oracle, should also be redacted. While it may contain "highly confidential Oracle information regarding Oracle's trade secret files and business strategies," it also contains ample testimony that appears to bear no relationship to trade secrets or business strategies. ECF No. 290 at 4; ECF No. 285-7.

As to Exhibits 4 and 5, comprised of more than 800 pages of interrogatory responses, neither party has shown that sealing in full is warranted or necessary.

United States District Court
Northern District of California

Procore may refile both motions within seven days of this order, tailoring its sealing requests more narrowly and/or justifying them more fulsomely.  To the extent that the parties amend their sealing requests, they should submit new public and sealed copies of the underlying documents.  For documents containing sealable information of both parties, the parties shall meet and confer and submit a single redacted version of the document.  The unsealed highlighted version shall distinguish between the sealing sought by each party using different colored highlighting.

**IT IS SO ORDERED.**

Dated:  May 1, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3