UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE AMERICA, INC., et al., | Case No. 24-cv-07457-JST |
| Plaintiffs, | |
| v. | **ORDER ON MOTIONS TO SEAL** |
| PROCORE TECHNOLOGIES, INC., et al., | Re: ECF Nos. 305, 306 |
| Defendants. | |

Before the Court is Plaintiffs Oracle America Inc., Oracle International Corporation, and Textura Corporation's (together, "Oracle" or "Plaintiffs") Administrative Motion to Seal Plaintiffs' Confidential Information in Exhibits 4, 5, 6, 13, 14, 16, 17, 19, 20, 23, 25, 26, 28, 29, 30, 32, 34, 35, 36, and 47 to Oracle's Motion for Adverse Inference due to Spoliation ("Spoliation Motion"). ECF No. 306.

Also before the Court is Oracle's Administrative Motion to Consider Sealing Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.'s ("Procore") Material in Oracle's Spoliation Motion, the supporting Declaration of Kevin X. Wang, and Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 47, 48, 49, 51, 52. ECF No. 305.

Oracle's Spoliation Motion is not a dispositive motion and is governed by the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The motions are resolved as set forth below.

## I.     ECF NO. 306

After considering the papers submitted by counsel, the applicable law, the relevant pleadings and papers filed in this action, the Court GRANTS Oracle's Administrative Motion to

Seal Exhibits 4, 5, 6, 16, 17, 23, 25, 26, 28, 29, 30, 32, 34, 35, 36, and 47, for the reasons stated in Oracle's motion.

Although Oracle seeks to redact Exhibits 4 and 5, they were filed under seal in their entirety to allow Procore the opportunity to justify further sealing. ECF No. 306-2 at 1–2. Procore does not seek further sealing. ECF No. 315-2 at 2. Oracle is therefore ordered to file public versions of Exhibits 4 and 5, containing only the redactions sought in its motion, ECF No. 306.

To justify sealing under the good cause standard, Plaintiffs "must make a 'particularized showing,' of the 'specific prejudice or harm' that will result if the information is made public." *United States ex rel. Ruhe v. Masimo Corp.*, No. CV1008169CJCVBKX, 2013 WL 12131176, at *2 (C.D. Cal. July 31, 2013) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) and *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). This "particularized showing" should establish why specific information contained in each specific document should be sealed.

As to Exhibits 13, 14, 19, and 20, Oracle does not satisfy this standard. For instance, Oracle has not explained why the standard HR procedures described in Exhibits 13 and 14 are confidential. And Oracle seeks to seal Exhibits 19 and 20 because they contain confidential trade secret information, but the Court perceives very little trade secret information contained therein. The motion is denied as to those exhibits. Oracle may file a new motion to seal justifying the request more fulsomely or tailoring it more narrowly. If Oracle does not file a renewed motion to seal these exhibits, then it must file them publicly on the docket. As to Exhibits 13, 14, and 19, they should be filed publicly in full. As to Exhibit 20, Oracle should file a public version containing the redactions proposed by Procore at ECF No. 315, which the Court approves below.

## II.    ECF NO. 305

In their responsive statement to Oracle's Motion to Consider Sealing Procore's Material, Procore only seeks to redact portions of Exhibits 1, 7, 9, 10, 11, 12, 17, 20, 21, 22, 23, 24, 34, 37, 41, 42, and 45. ECF No. 315. Those redactions requests are granted. The remainder of the motion to consider sealing, ECF No. 305, is denied. The Court notes, however, that certain

United States District Court
Northern District of California

documents listed in the motion to consider sealing have already been sealed in whole or in part because they contain Oracle's confidential material, including Exhibits 25, 26, 32, 34, 35, 36, and 47.  The Court's ruling on ECF No. 305 does not unseal documents ordered sealed pursuant to ECF No. 306.

**IT IS SO ORDERED.**

Dated:  June 3, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3