Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

*Attorneys for Plaintiffs Oracle America, Inc.,*
*Oracle International Corporation,*
*and Textura Corporation*

*[Additional counsel listed on signature page]*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

|  |  |
|---|---|
| ORACLE AMERICA, INC, ORACLE INTERNATIONAL CORPORATION, and TEXTURA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> PROCORE TECHNOLOGIES, INC. and PROCORE PAYMENT SERVICES, INC., <br><br> Defendants. | C.A. No. 4:24-cv-7457-JST <br><br> **ORACLE'S STATEMENT IN RESPONSE TO PROCORE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL ORACLE'S MATERIAL IN PROCORE'S MOTION TO EXCLUDE OPINIONS OF MELISSA A. BENNIS** |

ORACLE'S STATEMENT IN RESPONSE TO
PROCORE'S MOTION TO CONSIDER SEALING

Case No. 4:24-cv-7457-JST

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (together, "Oracle") submit this statement in response to Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.'s (together, "Procore") Administrative Motion to Consider Whether to Seal Oracle's Material in Procore's Motion to Exclude the Opinions of Melissa A. Bennis (Dkt. 345). Oracle has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5.

On June 17, 2026 Procore filed under seal portions of its Motion to Exclude the Opinions of Melissa A. Bennis ("Bennis *Daubert*") and Exhibits 1-5, and 7-18. These documents include information that Oracle has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" consistent with Section 5 of the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. 77), including because the documents contain confidential business information, including Oracle's confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs as well as confidential business information concerning Oracle's proprietary and confidential trade secret files, pricing plans, and business strategies.

As these documents were filed in connection with a non-dispositive motion, the request to seal is governed by the "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026, 1036 (N.D. Cal. 2019) ("good cause" shown to seal "confidential business information related to certain customers"); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing."); *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding "good cause" to seal revenues, customers, and sales data); *True Health Chiropractic Inc. v. McKesson Corp.*, 2020 WL 8515133, at *2 (N.D. Cal. Dec. 24, 2020) ("customer information generally constitutes trade secrets").

Courts in this District regularly find "good cause" to seal records that contain "confidential research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013); *see also Good Samaritan Hosp. L.P v. MultiPlan, Inc.*, No. 22-cv-02139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good cause to seal confidential and proprietary business information); *Calhoun v. Google LLC*, No. 20-cv-05146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to "sensitive features of Google's internal systems").  Oracle's request is narrowly tailored to seal only information that would create a substantial risk of harm if publicly disclosed.  For the foregoing reasons, Oracle respectfully requests that the Court grant its request to seal these documents as described below.

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Bennis *Daubert* [Dkt. 345-3] | Yellow highlighted portions of page 1, lines 10, 13, 14; page 2, lines 13; page 3, lines 3-4; page 5, lines 15-17; page 6, lines 1, 5; page 8, lines 2-3, 7, 11, 14, 16-18, page 9, lines 22-28; page 10, lines 16, 19, 21-28; page 11, lines 3-5, 12, 15-21, 23-27; page 12, lines 13, 19-20, 22, 25-28; page 14, lines 1, 9-10, 12, 16-18, 20. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs. This document also contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 1 (Oracle's Fifth Amended Trade Secret Disclosures) [Dkt. 345-4] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 2 (Oracle's March 30 Narrowed List of 110 | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Trade Secrets) [Dkt. 345-5] | | integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 3 (Oracle's June 1 Narrowed List of 70 Trade Secrets) [Dkt. 345-6] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 4 (Oracle's June 5 Narrowed List of 34 Trade Secrets) [Dkt. 345-7] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 5 (Expert Report of Melissa A. Bennis) [Dkt. 345-8] | Pages: 7-9, 13-15, 20-60, 62-93, 95-158, 160-180 and Ex. 4 Schedule 1, Ex. 4 Schedule 1.1, Ex. 5, Ex. 6 Schedule 1, Ex. 6 Schedule 2, Appendix A Schedule 1, Appendix A Schedule 1.1, Appendix A Schedule 1.2, Appendix C. | The identified pages of the document contain confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, licensing information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs. This document also contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing. |
| Ex. 7 (Excerpts of Deposition Transcript of Melissa A. Bennis) [Dkt. 345-9] | Page/line: 87:25-88:22, 105:1-19, 105:24-107:5, 110:3-18, 110:22-111:3, 111:20-114:22, 114:25-115:11, 115:13-117:2, 117:5-8, 117:10-118:25, 152:1-2, 155:7, 175:1, 175:10, 175:13-14, 175:23, 176:3-177:24, 180:24, 181:5-19, 182:5-19, 183:2-25, 184:4-25 | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 8 (Excerpts of Deposition Transcript of Michael Russo) [Dkt. 345-10] | Page/line: 88:18-89:23, 90:8-22, 91:4-92:24, 95:1-96:22, 97:3-19, 97:22-17, 98:25-99:8, 99:10-100:16, 101:5-15, 101:25-102:25, 104:1-105:12, 105:23-106:9, 106:18-107:4, 107:7-8, 107:12-15, 107:19-114:1, 114:7-115:6, 115:16-116:5, 116:12-25 | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 9 (ORC-PRC-01660165) [Dkt. 345-11] | Entirety. | This document contains confidential Oracle information regarding Oracle's business including confidential financial information, including pricing data, revenues, and financial projections. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 10 (ORC-PRC-00094940) [Dkt. 345-12] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, and customer information.  Revealing this |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 11 (ORCPRC-00449754) [Dkt. 345-13] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including confidential pricing data. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 12 (Excerpts of Oracle's Seventh Supplemental Objections and Responses to Procore's First Set of Interrogatories) [Dkt. 345-14] | Page/line: 370:1-17, 371:2-28, 372:1-8, 372:12-13, 372:16-25, 373:1-15, 374:1-8, 374:23-27 | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs..  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 13 (ORCPRC-02753586) [Dkt. 345-15] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence and market information. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 14 (ORC-PRC-00473786) [Dkt. 345-16] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including confidential pricing data. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 15 (ORC-PRC-00268260) [Dkt. 345-17] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | information, and financial information including confidential pricing data. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 16 (ORC-PRC-02745414) [Dkt. 345-18] | Entirety. | This document contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including confidential pricing data. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 17 (ORC-PRC-01556687) [Dkt. 345-19] | Entirety. | This document contains confidential Oracle information regarding Oracle's business including confidential financial information, including pricing data, revenues, and financial projections. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 18 (Expert Report of Kevin C. Almeroth) [Dkt. 345-20] | Pages: 14-31, 33-381, 383-396, 411-426, 430-431, 433-833. | The identified pages of the document contain confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. The identified pages of the document also contain Oracle's trade secrets in their entirety, as it has screenshots of the trade secrets asserted in this case. The identified pages of the document also include internal security measures and safeguards of confidential information for Oracle. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
|  |  | is not filing a public redacted version with this filing. |

Pursuant to Civil L.R. 79-5(c) and 7-11(a), this statement is accompanied by the following documents: (1) Declaration of Ingrid Petersen in support of this statement, (2) a proposed order, and (3) redacted versions of exhibits 7, 8, and 12.

Dated: June 24, 2026

Respectfully submitted,

/s/ Ingrid M. Petersen
Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
Ingrid M. Petersen (SBN 313927)
Kevin X. Wang (SBN 318024)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
ingrid.petersen@kirkland.com
kevin.wang@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

Kendra A. Delaney (SBN 339102)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067

kendra.delaney@kirkland.com
Telephone: (310) 552-4200

*Attorneys for Plaintiffs Oracle America, Inc.,
Oracle International Corporation, and Textura
Corporation*