Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

*Attorneys for Plaintiffs Oracle America, Inc.,*
*Oracle International Corporation,*
*and Textura Corporation*

*[Additional counsel listed on signature page]*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ORACLE AMERICA, INC, ORACLE INTERNATIONAL CORPORATION, and TEXTURA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> PROCORE TECHNOLOGIES, INC. and PROCORE PAYMENT SERVICES, INC., <br><br> Defendants. | C.A. No. 4:24-cv-7457-JST <br><br> **ORACLE'S STATEMENT IN RESPONSE TO PROCORE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO SEAL ORACLE'S MATERIAL IN PROCORE'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Oracle America, Inc., Oracle International Corporation, and Textura Corporation (together, "Oracle") submit this statement in response to Defendants Procore Technologies, Inc. and Procore Payment Services, Inc.'s (together, "Procore") Administrative Motion to Consider Whether to Seal Oracle's Material in Procore's Motion for Summary Judgment (Dkt. 349). Oracle has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Materials Under Seal and Civil Local Rule 79-5.

On June 17, 2026 Procore filed under seal portions of its Motion for Summary Judgment ("SJ Motion"), the Declaration of Robert Longtin ("Longtin Declaration"), and Exhibits 1–3, 9–12, 14–16, 17–39, 45, 47, 49, 53–54, 63–70, and 73–74. These documents include information that Oracle has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" consistent with Section 5 of the Stipulated Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. 77), including because the documents contain confidential business information concerning Oracle's proprietary and confidential trade secret files (including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies), internal security measures and safeguards of confidential information for Oracle, and competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs.

As these documents were filed in connection with a non-dispositive motion, the request to seal is governed by the "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026, 1036 (N.D. Cal. 2019) ("good cause" shown to seal "confidential business information related to certain customers"); *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) ("There may be 'good cause' to seal records that . . . contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing."); *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (finding "good cause" to seal revenues, customers, and sales data); *True Health Chiropractic Inc. v. McKesson Corp.*, 2020 WL 8515133, at *2 (N.D. Cal. Dec. 24, 2020) ("customer

information generally constitutes trade secrets").

Courts in this District regularly find "good cause" to seal records that contain "confidential research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013); *see also Good Samaritan Hosp. L.P v. MultiPlan, Inc.*, No. 22-cv-02139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good cause to seal confidential and proprietary business information); *Calhoun v. Google LLC*, No. 20-cv-05146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to "sensitive features of Google's internal systems"). Oracle's request is narrowly tailored to seal only information that would create a substantial risk of harm if publicly disclosed. For the foregoing reasons, Oracle respectfully requests that the Court grant its request to seal these documents as described below.

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Longtin Declaration [Dkt. 349-2] | Redacted portions of pages/lines 3:9, 3:26, 4:21, and 8:14. | The redacted portions of this document contain confidential Oracle information regarding Oracle's customers that are not publicly disclosed. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| SJ Motion [Dkt. 349-3] | Redacted portions of pages/lines 9:19, 13:23, 14:1-2, 22:13, 22:22-23, 22:25-26, 23:1-2, 25:4-5 | The redacted portions of this document contain confidential Oracle information regarding customer information that is not publicly disclosed, pricing, and internal financial information, such as profit and loss figures. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 1 (Oracle's Initial Trade Secret Disclosures) [Dkt. 349-4] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | restrictive alternative to sealing this limited information. |
| Ex. 2 (Excerpts of Deposition Transcript of Kevin C. Almeroth) [Dkt. 349-5] | Redacted portions of pages/lines 132:12, 133:24, 134:10, 134:12, 134:17, 135:1, 135:7, 135:10, 135:13, 136:12, 136:17, 137:4, 137:8, 138:10, 138:13, 138:17-19, 275:7, 275:10-20, 276:5-7, 279:11-280:15. | The redacted portions of this document contain confidential Oracle information regarding Oracle's customers and trade secrets. Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 3 (Excerpts of Deposition Transcript of hh2 Cloud Services) [Dkt. 349-6] | None. | This excerpt of the document does not contain any Oracle information that Oracle is seeking to seal. However, the document may contain confidential information for a third party (HH2 Cloud Services). Procore did not file a motion seeking to seal HH2 Cloud Services confidential information or provide notice to HH2 Cloud Services that Procore was filing this information on the docket. HH2 Cloud Services, therefore, has not had an opportunity to seal its potentially confidential information. |
| Ex. 9 (Excerpts of Deposition Transcript of William Ibbs) [Dkt. 349-7] | Redacted portions of pages/lines 107:9-13, 133:24-134:15, 245:15, 245:21, 245:23, 245:25, 246:21, 247:11, 253:10. | The redacted portions of this document contain confidential Oracle information regarding Oracle's customers and trade secrets.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 10 (Expert Report of William Ibbs) [Dkt. 349-8] | Pages 8-11, 13, 17-242, 246-312, 322-330, 338-347, 350-356. | The identified pages of the document contain confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, licensing terms, acquisition considerations, and financial information such as pricing and revenues. The identified pages of the document also contain confidential Oracle information regarding Oracle's trade secret files, including its source code, integration testing, integration plans, client information, Textura strategies, and business strategies. The identified pages of |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | the document also contain Oracle's trade secrets in their entirety, as it has screenshots of each trade secret asserted in this case. The identified pages of the document also include internal security measures and safeguards of confidential information for Oracle. Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing.<br><br>Procore did not file a motion seeking to seal Palmer Consulting Services confidential information or provide notice to Palmer Consulting Services that Procore was filing this information on the docket. Palmer Consulting Services, therefore, has not had an opportunity to seal potentially confidential information. |
| Ex. 11 (ORC-PRC-00233679) [Dkt. 349-9] | Entirety. | This document contains confidential Oracle information regarding communications and negotiations with a customer.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 12 (ORC-PRC-00558634) [Dkt. 349-10] | Entirety | This document contains confidential Oracle information regarding communications with a customer and Oracle's solution for that customer.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 14 (Oracle's Amended Trade Secret Disclosures) [Dkt. 349-11] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 15 (Excerpts of March 23 Deposition Transcript of Mark Mariano) [Dkt. 349-12] | None. | The excerpts of the document does not contain information Oracle is seeking to seal. |
| Ex. 16 (Forensic Examiner's August 27 Report) [Dkt. 349-13] | None. | The document does not contain information Oracle is seeking to seal. |
| Ex. 17 (September 17, 2025 Letter from K&E to QE) [Dkt. 349-14] | Redacted portions of pages 3-8. | The redacted portions of this document contain confidential Oracle information regarding Oracle's trade secrets and describes the contents of those trade secret files.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 18 (Oracle's June 5 Narrowed List of 34 Trade Secrets) [Dkt. 349-15] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 19 (ORCPRC-00190936) [Dkt. 349-16] | None. | The document does not contain information Oracle is seeking to seal. |
| Ex. 20 (ORCPRC-01864661) [Dkt. 349-17] | Entirety. | This document contains confidential Oracle information regarding HR information (such as employee retention and resignations) and leadership decisions regarding internal hiring.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 21 (ORCPRC-00190937) [Dkt. 349-18] | None. | The document does not contain information Oracle is seeking to seal. |

ORACLE'S STATEMENT IN RESPONSE TO          5          Case No. 4:24-cv-7457-JST
PROCORE'S MOTION TO CONSIDER SEALING

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Ex. 22 (ORCPRC-00162243) [Dkt. 349-19] | Entirety. | This document contains confidential Oracle information regarding confidential project for confidential customer.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 23 (MARIANO001291) [Dkt. 349-20] | Entirety. | This document contains confidential Oracle information regarding confidential project for confidential customer, including processes for that customer's integrations. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 24 (ORCPRC-00162264) [Dkt. 349-21] | Entirety. | This document contains confidential Oracle information regarding contact information and Zoom access information (including passcode) for a meeting.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 25 (Oracle's Fifth Amended Trade Secret Disclosures) [Dkt. 349-22] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 26 (Oracle's March 30 Narrowed List of 110 Trade Secrets) [Dkt. 349-23] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 27 (Oracle's Seventh Supplemental Objections and Responses to Procore's First Set of | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Interrogatories) [Dkt. 349-24] | | information, Textura strategies, and business strategies. This document also includes internal security measures and safeguards of confidential information for Oracle.  This document also contains confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs. Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion.  Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing. |
| Ex. 28 (MARIANO 001310) [Dkt. 349-25] | None. | The document does not contain information Oracle is seeking to seal. |
| Ex. 29 (MARIANO 001311) [Dkt. 349-26] | Entirety. | This document contains confidential Oracle information because it is one of Oracle's trade secret files; the file provides specific instructions and steps for Oracle's Viewpoint integration.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 30 (ORC-PRC-01993295) [Dkt. 349-27] | Entirety. | This document contains confidential Oracle information regarding integration information and processes for a customer, including the customers login information. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 31 (ORC-PRC-01884753) [Dkt. 349-28] | Entirety. | This document contains confidential Oracle information regarding Oracle's internal competitive update information, such as confidential observations, plans, and goals |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | within the company.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 32 (ORCPRC-02675401) [Dkt. 349-29] | None. | The document does not contain information Oracle is seeking to seal. |
| Ex. 33 (Expert Report of Melissa A. Bennis) [Dkt. 349-30] | Pages 7-9, 13-15, 20-60, 62-93, 95-158, 160-180 and Ex. 4 Schedule 1, Ex. 4 Schedule 1.1, Ex. 5, Ex. 6 Schedule 1, Ex. 6 Schedule 2, Appendix A Schedule 1, Appendix A Schedule 1.1, Appendix A Schedule 1.2, Appendix C. | The pages, exhibits, and appendices of this document contain confidential Oracle information regarding Oracle's business, including confidential competitive intelligence, market information, customer information, and financial information including pricing data, revenues, operating expenses, profit margins, and research and development costs. The pages, exhibits, and appendices of this document contain confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing. |
| Ex. 34 (ORC-PRC-00163057) [Dkt. 349-31] | Entirety. | This document contains confidential Oracle information regarding communications and discussions with a confidential Oracle customer.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 35 (ORC-PRC-00161222) [Dkt. 349-32] | Entirety. | This document contains confidential Oracle information regarding Oracle's internal market analysis, competition analysis, and business plans, including strategy. Revealing this information would create a substantial risk of serious harm to Oracle. |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | There is no less restrictive alternative to sealing this limited information. |
| Ex. 36 (ORC-PRC-02421275) [Dkt. 349-33] | Entirety. | This document contains confidential Oracle information regarding Oracle's internal market analysis, competition analysis, and business plans, including strategy. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 37 (Opening Expert Report of Kevin C. Almeroth) [Dkt. 349-34] | Pages 14-31, 33-381, 383-396, 411-426, 430-431, 433-833. | The identified pages of the document contain confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. The identified pages of the document also contain Oracle's trade secrets in their entirety, as it has screenshots of the trade secrets asserted in this case. The identified pages of the document also include internal security measures and safeguards of confidential information for Oracle. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing. |
| Ex. 38 (Video Demonstration of User-Facing Features) [Dkt. 349-35] | Entirety. | This video contains confidential Oracle information regarding its confidential user interface and trade secret. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 39 (Procore05128449) [Dkt. 349-36] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | functionality.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 45 (Excerpts of Deposition Transcript of Lucie Trepanier) [Dkt. 349-37] | Entirety | This document contains confidential Oracle information regarding Oracle's process and procedures to engaging in market intelligence.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 47 (ORCPRC-00378134) [Dkt. 349-38] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM functionality.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 49 (Excerpts of Deposition Transcript of Austin Robertson) [Dkt. 349-39] | None. | This excerpt of the document does not contain any Oracle confidential information. However, the document may contain confidential information for a third party (Rogers-O'Brien Construction). Procore did not file a motion seeking to seal Rogers-O'Brien Construction confidential information or provide notice to Rogers-O'Brien Construction that Procore was filing this information on the docket. Rogers-O'Brien Construction, therefore, has not had an opportunity to seal its potentially confidential information. |
| Ex. 53 (Excerpts of March 24 Deposition Transcript of Mark Mariano) [Dkt. 349-40] | Redacted portions of page/lines 420:12-20. | The redacted portions of the document contain confidential Oracle information regarding Oracle's asserted trade secret and the contents of that file.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| Ex. 54 (ORC-PRC-00005632) [Dkt. 349-41] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM functionality (including its source code). Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information. |
| Ex. 63 (Rebuttal Expert Report of Kevin C. Almeroth) [Dkt. 349-42] | Pages 4-167. | The identified pages of the document contain confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies. The identified pages of the document also contain Oracle's trade secrets in their entirety, as it has screenshots of the trade secrets asserted in this case. The identified pages of the document also include internal security measures and safeguards of confidential information for Oracle. Revealing this information would create a substantial risk of serious harm to Oracle. There is no less restrictive alternative to sealing this limited information.<br><br>Procore indicated that it had confidential information to seal, but did not identify the information that is Procore confidential in its sealing motion. Accordingly, Oracle is identifying the portions it seeks to seal but is not filing a public redacted version with this filing.<br><br>Procore did not file a motion seeking to seal Ryvit's or HH2's confidential information or provide notice to Ryvit or HH2 that Procore was filing this information on the docket. Ryvit and HH2, therefore, have not had an opportunity to seal potentially confidential information. |
| Ex. 64 (ORC-PRC-00005607) [Dkt. 349-43] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM functionality. Revealing this information would create a substantial risk of serious |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 65 (ORC-PRC-00000684) [Dkt. 349-44] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM functionality.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 66 (ORC-PRC-00005512) [Dkt. 349-45] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential TPM functionality.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 67 (Oracle's June 1 Narrowed List of 70 Trade Secrets) [Dkt. 349-46] | Entirety. | This document contains confidential Oracle information regarding Oracle's trade secret files, including related to source code, integration testing, integration plans, client information, Textura strategies, and business strategies.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 68 (Procore00745467) [Dkt. 349-47] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential pricing information.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 69 (Procore01593214) [Dkt. 349-48] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this |

| Document | Portions Sought to be Sealed | Basis for Request to File Under Seal |
|---|---|---|
| | | case that reveals its confidential pricing information.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 70 (Procore01593219) [Dkt. 349-49] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential pricing information.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 73 (ORC-PRC-00187579) [Dkt. 349-50] | Entirety. | This document contains confidential Oracle information regarding Oracle's asserted trade secret. Oracle has asserted that the entire file is an asserted trade secret in this case that reveals its confidential pricing information.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |
| Ex. 74 (Excerpts of Deposition Transcript of Hugh Johnson) [Dkt. 349-51] | Entirety. | This document contains confidential Oracle information regarding database fixes, internal procedures and processes for source code, internal procedures for protecting confidential information, Oracle trade secrets at issue in the case, and Oracle's internal projects currently in the works.  Revealing this information would create a substantial risk of serious harm to Oracle.  There is no less restrictive alternative to sealing this limited information. |

Pursuant to Civil L.R. 79-5(c) and 7-11(a), this statement is accompanied by the following documents: (1) Declaration of Ingrid Petersen in support of this statement, (2) a proposed order, and (3) redacted versions of the documents Oracle seeks to partially seal.

Dated: June 24, 2026

Respectfully submitted,

*/s/ Ingrid M. Petersen*

Adam R. Alper (SBN 196834)
Akshay S. Deoras (SBN 301962)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
Ingrid M. Petersen (SBN 313927)
Kevin X. Wang (SBN 318024)
KIRKLAND & ELLIS LLP
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
michael.devries@kirkland.com
ingrid.petersen@kirkland.com
kevin.wang@kirkland.com
Telephone: (714) 982-8822

Leslie M. Schmidt (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800

Kendra A. Delaney (SBN 339102)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
kendra.delaney@kirkland.com
Telephone: (310) 552-4200

*Attorneys for Plaintiffs Oracle America, Inc.,
Oracle International Corporation, and Textura
Corporation*